**Petition of Felix T. RAMIREZ et al.**

**No. ——.**

United States District Court
S. D. Texas,
Houston Division.

March 1, 1968.

## MEMORANDUM

NOEL, District Judge.

On February 21, 1966, petitioner, Ramirez, and fifteen other employees of Southern Pacific Railroad Company in Houston, Texas, filed a charge with the Commissioner of Equal Employment Opportunity alleging discriminatory employment practices by Southern Pacific.

The Equal Employment Opportunity Commission (EEOC) investigated the complaint, and concluded that there was reasonable cause to believe the Southern Pacific was in violation of Title VII of the Civil Rights Act of 1964. Negotiations were undertaken and, according to the testimony of Ramirez before this court, resulted in some but not all of the matters being resolved.

By letter of January 31, 1968, the Regional Director of the EEOC, advised Ramirez, as spokesman for the charging parties, that conciliation efforts had failed to achieve voluntary compliance with Title VII of the Civil Right Act of 1964, and that pursuant to section 706 (e) of the Act, he had thirty days after receipt of the letter to institute a civil action in federal district court. Petitioner was further advised "If you are unable to retain an attorney, the Federal Court is authorized, in its discretion, to appoint an attorney to represent you and to authorize commencement of the suit without payment of fees, costs and security."

Petitioner Ramirez appeared before this court on February 29, 1968 on behalf of himself and the other fifteen employees of Southern Pacific. The purpose of the appearance was to request the court to appoint an attorney to represent the sixteen complaining employees.

As I understand the testimony of Ramirez, he was of the opinion that the Act made provision, unconditionally, for

the appointment of counsel by the court to represent the sixteen employees. The Act, however, provides: "Upon application by the complainant and *in such circumstances as the court may deem just,* the court may appoint an attorney for such complainant and may authorize the commencement of the action without payment of fees, costs, or security." Civil Rights Act of 1964, § 706(e), 42 U.S.C. § 2000e–5(e). (Emphasis added.) This is the information Ramirez received in the letter from the EEOC, except that the Regional Director construed "in such circumstances as the court may deem just" to mean "if you are unable to retain an attorney" the court has the "discretion" to appoint counsel.

Assuming arguendo that this court has the power and authority to appoint and to require counsel to represent petitioners in this civil case without compensation, which is what petitioners assume, but which is very doubtful, I construe the Act to require that as a condition to the appointment of counsel by the court, the petitioners must demonstrate their inability to employ an attorney. Principally this means financial inability to secure the representation of counsel, but other factors may be taken into consideration by the court. In my opinion, it would be unjust to appoint and require counsel to represent petitioners of the kind before the court, without compensation, under any less showing than demonstrated inability to pay counsel.

Ramirez testified that his gross base pay is $480 per month, but with overtime he estimated his average take home monthly income, as well as that of the other fifteen petitioners, to be $500, or a combined total for the group of $8,000 per month. Petitioner Ramirez did not state than any effort had been made, either by himself or by any member of the group, to retain an attorney to represent them. Ramirez took the position the Act made provision for this counsel.

Ramirez has failed to demonstrate that he and the other employees are unable to employ an attorney. Under the circumstances, I find that it would not be just to appoint counsel to represent petitioners without cost to petitioners.

Petitioner Ramirez did not request the court to authorize the commencement of the action without payment of fees, costs, or security.[1] The court advised Ramirez that the time for filing the suit (thirty days after receipt of the Regional Director's letter) would soon expire and that he and the other employees should promptly employ counsel to file the suit *or file a complaint on their own behalf* before the limitation period expired. Ramirez was informed that the court would be available to hear further from him on the matter if he so desired, on short notice.

The petition for the appointment of counsel is denied.

The Clerk shall furnish five copies of this Memorandum to petitioner Ramirez.

---

1. Under Fed.R.Civ.P., Rule 3, a suit is commenced by filing a complaint. The filing fee is $15.