**Ernest GREEN and Henry V. Petteway, Plaintiffs,**

**v.**

**COTTON CONCENTRATION COM-PANY, Defendant.**

**Misc. No. 68–G–5.**

United States District Court
S. D. Texas,
Galveston Division.

Dec. 20, 1968.

Ernest Green and Henry V. Petteway, pro se. (Edward W. Watson and Henry G. Dalehite, Jr., Galveston, Tex., with the cooperation of the Legal Aid Office of Galveston County Bar Association, having prepared the pleadings).

MEMORANDUM AND ORDER:

NOEL, District Judge.

Plaintiffs have submitted a complaint against their employer, alleging violations of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e–15. They have also moved for the appointment of an attorney and for

leave to proceed without prepayment of fees, costs, or other security. See § 706(e) of the Act, 42 U.S.C. § 2000e–5(e); cf. 28 U.S.C. §§ 753(f), 1915, 2250.

From the complaint, which was prepared with the cooperation of the Legal Aid Office of the Galveston County Bar Association, it appears that plaintiffs have satisfied the jurisdictional prerequisites for bringing an action under the Act. They have filed a complaint with the Equal Employment Opportunity Commission (EEOC), which found that "Reasonable cause exists to believe that the Respondent [employer] is in violation of Title VII of the Civil Rights Act of 1964 * * *."[1] The EEOC has notified them that it has been unable to obtain voluntary compliance with the Act. This complaint was submitted within 30 days of such notification, and has been filed on the miscellaneous docket without payment of the usual filing fee pending disposition of plaintiffs' motion, to protect their right to pursue their claims in federal court.[2]

■ The statutory provision authorizing the appointment of counsel and the right to proceed without payment of fees, costs, or security is § 706(e) of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–5(e), which states:

Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

The Court has found only one case construing this portion of § 706(e), Petition of Ramirez, 282 F.Supp. 663 (S.D. Tex.1968), but 28 U.S.C. § 1915, the general federal pauper's statute, is quite similar. The findings that a court should make before appointing an attorney or waiving the payment of costs under § 1915 have been extensively discussed, and include whether the claim asserted is meritorious or merely frivolous and oppressive, see, e. g., Allison v. Wilson, 277 F.Supp. 271 (N.D.Cal. 1967); United States ex rel. Epps v. Nenna, 274 F.Supp. 508 (S.D.N.Y. 1967). See generally Note, The Right to Counsel in Civil Litigation, 66 Colum.L.Rev. 1322 (1966); Comment, The Indigent's Right to Counsel in Civil Cases, 76 Yale L.J. 545 (1967). It would be premature to assess the merits of a claim before issue is joined. Therefore, plaintiffs' motion for appointment of an attorney is denied.

■ Plaintiffs' request to file their complaint without payment of fees is also denied. Plaintiffs may commence their suit upon payment of the $15 filing fee. 28 U.S.C. § 1914(a); Fed.R. Civ.P. Rule 3. The United States Marshal will serve their complaint upon payment of $3 plus mileage at 12¢ per mile from the Galveston Court House to defendant's place of business. 28 U.S.C. § 1921. From the complaint it appears that defendant may be served within the City of Galveston. Plaintiffs thus may file their complaint and have it served at a cost of less than $20. In their affidavit of indigency plaintiffs assert that both are employed, although neither has earnings of more than $350 per month. The Court finds their affidavit insufficient to establish that the cost of filing and service is beyond their means.

■■ Moreover, the Court considers it premature to determine now whether the further costs of litigation, such as the costs of depositions, witness fees, and the cost of preparing a transcript are beyond the ability of plaintiffs to

---

1. The complaint does not indicate that the charge before the EEOC was verified. Courts divide on the question whether verification is jurisdictional, but this issue is not ripe for decision now.

2. The Act requires that a civil action be instituted within 30 days of receipt of such notification. § 706(e), 42 U.S.C. § 2000e–5(e).

**36**

pay. When and if plaintiffs find it necessary to incur these obligations, they should apply to the Court for authorization. At that time, with the facts before it, the Court will have a basis for assessing the reasonableness of the proposed expenditure. The federal paupers statutes were enacted to make the federal courts accessible to those of modest means; they were not intended to authorize the court to give an indigent carte blanche. Cf. United States v. Newsome, 257 F.Supp. 201 (N.D.Ga. 1966).

■ Today's denial of plaintiffs' request for counsel will not foreclose them from renewing their request after issue is joined. It is therefore appropriate to note a defect in their existing motion for the appointment of counsel. The Civil Rights Act does not afford plaintiffs an absolute right to have the Court appoint counsel. Petition of Ramirez, supra. Before counsel can be appointed it must first be shown that after diligent efforts plaintiffs have been unable to hire counsel. Since another provision of the 1964 Civil Rights Act authorizes the court to "allow the prevailing party [in a civil action under Title VII] * * a reasonable attorney's fee as part of the costs," § 706(k) of the Act, 42 U.S. C. § 2000e–5(k), it seems unlikely that if plaintiffs' claim has merit, they will be unable to obtain counsel on a contingent basis. The Court has determined not to decide the merits of plaintiffs' motion now, however, so as to afford plaintiffs an opportunity to retain counsel. If they are unsuccessful, they may renew their application. But cf. In re Bedford v. Salt Lake County, 447 P.2d 193 (Utah Sup.Ct. Nov. 13, 1968).

For the above reasons, it is hereby ordered that plaintiffs' motion be, and it hereby is, in all respects denied. Plaintiffs will be allowed 20 days in which to pay their filing fee, failing which their complaint will be dismissed. Upon receipt of the filing fee, the Clerk will transfer this case to the general civil docket.