**Helen M. PUFFER, Plaintiff,**

v.

**CESSNA AIRCRAFT COMPANY,
Defendant.**

**Civ. A. No. W–4093.**

United States District Court
D. Kansas.

Dec. 5, 1969.

David Copus, Atty., Equal Employment Opportunity Commission, Washington, D. C., amicus curiae, for plaintiff.

McDonald, Tinker, Skaer, Quinn & Herrington, Wichita, Kan., for defendant.

MEMORANDUM AND ORDER

WESLEY E. BROWN, District Judge.

In Count I of this action plaintiff, Helen M. Puffer seeks declaratory and in-

444

junctive relief for discriminatory practices in regard to employment, pursuant to provisions of Title VII of the Civil Rights Act of 1964, Pub.L. 88–352, Title VII, § 701 et seq., 42 U.S.C.A. §§ 2000e et seq. More specifically, she alleges that her former employer, defendant Cessna Aircraft Company, refused to transfer her to a position as an Inspector, solely because of her sex. By reason of the alleged discrimination, plaintiff seeks an order from this Court enjoining further discriminatory practices, requiring her re-employment as an "inspector", and she seeks back pay for an inspection position from July 2, 1965, the effective date of Title VII of the Act.

In Count II of the complaint plaintiff seeks to recover general, special, and punitive damages for alleged common law slander.

The complaint was filed in this Court on December 13, 1968, by retained counsel. Thereupon Cessna filed Motion to Dismiss for lack of jurisdiction, and default in administrative procedures, or in the alternative, Motions to Strike, and make more definite and certain. [Dkt. #4, filed 2/5/69]. Defendant's brief accompanied these motions. [Dkt. #5]. These motions came on for hearing on February 28th, plaintiff appearing by her retained counsel, Clay Cox. Upon motion, plaintiff was granted thirty (30) days to file a Brief in Answer, and the matter was continued to the Court's regular motion day in April. [Dkt. #8]. On March 14, by leave of Court, Clay Cox withdrew as attorney of record for plaintiff. [Dkt. ##9, 10].

On March 26, the Equal Employment Opportunity Commission [E.E.O.C.] was granted leave to file Brief as *amicus curiae* in this action and Brief was filed on that date. [Dkt. ##11, 12, 13]. On April 2nd, Cessna moved to strike the E.E.O.C.'s Brief on the ground that it contained improper facts and matters and arguments beyond the scope of the pleadings, contrary to Rule 12(b) (6) Fed.R.Civ.Proc. [Dkt. #14].

On May 2nd all of defendant's various motions came before the Court for hearing. Neither plaintiff nor counsel on her behalf appeared on that date, and the motions were passed to the next calendar call. [Dkt. #17]. On June 13th, the motions came before Judge Theis of this Court, and the matter was passed for 90 days in order to give plaintiff an opportunity to employ counsel. Mrs. Puffer was advised of this action. [Dkt. ##18 and 19].

On September 22, 1969, Cessna filed a third motion—this being a Motion to Dismiss for Lack of Prosecution. [Dkt. #20]. On October 6th, this motion came on for hearing, and on that date, Mrs. Puffer was present in Court, but not represented by counsel. An E.E.O.C. attorney for the *amicus curiae*, appeared and spoke on her behalf, contending that an attorney should be appointed for plaintiff in the prosecution of Count I of this action. Following argument, the Commission and defendant Cessna were ordered to submit Briefs and Order upon the Motion for Appointment of Counsel [Dkt. #21]. Mrs. Puffer did not testify in her own behalf on that date, but on November 25th, an application for appointment of counsel alleged for the first time, that she was "unable to pay costs, fees and expenses necessary to maintain" her case. [Dkt. #25].

In an affidavit, accompanying the application, Mrs. Puffer stated that she is single, and that her "assets and liabilities" are as follows: [Dkt. #26].

| | |
|---|---|
| Average monthly income from accounting | $225.00 |
| Checking account | (5.50) |
| Monthly rent | 50.00 |
| Monthly rent for equipment | 65.00 |
| Telephone | 50.00 |
| Car Expenses | 75.00 |
| Outstanding debts | 5,500.00 |

She further states that she had no income since her dismissal from Cessna in July, 1968 other than from public ac-

counting, and $450 real estate commission;[1] and that her income for 1968 was such that she paid no tax. In her application for appointment of counsel pursuant to provisions of Section 706 (e) of the Act, 42 U.S.C. § 2000e—5(e), plaintiff states that she has been unable to obtain counsel to represent her in this action, and that she has "requested eleven different lawyers to represent me in this case and they all refused to do so because I was unable to provide the money for the initial fees and expenses."

It will be noted that Mrs. Puffer has not made application for leave to proceed in forma pauperis under the provisions of 28 U.S.C.A. § 1915, and indeed, she can not assert that she is a pauper.

It appears that her statement of "assets and liabilities" was incomplete and inaccurate to the extent that her assets include six horses, and one house, located on 80 acres of pasture land. Information supplied at the hearing indicates that the fair market value of the house and acreage approximates $15,000, subject to a mortgage of $3,200.00. It also appears that Mrs. Puffer is the equitable owner of a 1968 pick-up truck on which she makes a monthly payment of $104.00, although the extent of her equity does not appear. There is some indication that Mrs. Puffer supports her "aged mother." [Tr. Hearing, 10/6/69, p. 8].

█ The Court has the authority to appoint counsel for Mrs. Puffer in connection with her claim in Count I, under Title VII of the Civil Rights Act, 1964. Section 2000e—5(e), 42 U.S.C.A. provides, in pertinent part:

"* * * Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security." [Emphasis supplied.]

It is clear that Mrs. Puffer does not possess an unqualified right to counsel under the Act. The question lies solely in the discretion of the Court which must determine that the circumstances are such that justice requires such appointment. The Commission asserts that a Title VII suit is not routine private litigation, but involves matters pertaining to the public interest, and that it would be unjust to saddle plaintiff with costs in this action, for such would discourage assertion of rights under the Act.

It should be noted, of course, that this is not a class action, and Mrs. Puffer is not seeking to vindicate the interest of all females employed at the Cessna plant. It is purely a private action, in which she seeks reinstatement, with back pay for denial of a position as an "inspector". She has joined with this federal claim her private, common-law action for slander. As noted, plaintiff is not a pauper, and it is apparent that she has the means to prosecute this action by retained counsel, should she so desire. At the time of the hearing on the motion, as recently as October 6th, Mrs. Puffer was in the courtroom and spoke directly to the Court, or through the *amicus curiae*. She did not then contend that she was financially unable to hire counsel, rather that she was unable to find counsel who would represent her. While it was urged that it would be burdensome for her to pay counsel, it was not contended that she was financially unable to do so. It should be noted that § 706(k) of the Act, 42 U.S.C.A. § 2000e—5(k) authorizes the Court to "allow the prevailing party [in a civil action under Title VII] * * * a reasonable attorney's fee as part of the costs * * *." Under such circum-

---

1. As to Mrs. Puffer's dismissal, a report from a Commission investigator, indicates that "excessive abseentism" was involved. The report states:

"As to the Charging Party's (Mrs. Puffer) discharge from the company, the Charging Party acknowledges that the company was right in discharging her for excessive abseentism." [sic] [Dkt. #13, Brief for Commission as *Amicus Curiae*, Affidavit of *Copus*, Ex. B, p. 9].

stance it is possible that Mrs. Puffer would be able to obtain counsel on some contingency basis. See Green v. Cotton Concentration Company (S.D.Texas 1968) 294 F.Supp. 34.

■ As far as the Court has been able to ascertain, there are only two reported decisions involving appointment of counsel under § 2000e—5(e). In both cases the Courts have carefully pointed out that § 2000e—5(e) does not call for an automatic appointment of counsel in all suits based upon alleged employment discrimination. In Petition of Ramirez (S.D.Tex.1968) 282 F.Supp. 663, sixteen employees filed suit and requested appointment of attorney under § 2000e—5(e) to press their claims of employer discrimination. Stressing that assistance of counsel was not an unconditional right, the Court noted that plaintiffs had the means to employ counsel, stating at p. 664:

"Assuming arguendo that this court has the power and authority to appoint and to require counsel to represent petitioners in this civil case without compensation, which is what petitioners assume, but which is very doubtful, I construe the Act to require that as a condition to the appointment * * * the petitioners must demonstrate their inability to employ an attorney. Principally this means financial inability to secure the representation of counsel, but other factors may be taken into consideration by the court. In my opinion, it would be unjust to appoint and require counsel to represent petitioners of the kind before the court, without compensation under any less showing than demonstrated inability to pay counsel."

See also, Green v. Cotton Concentration Company, *supra*, 294 F.Supp. 34.

Under all of the circumstances set out above, the Court is of the opinion, and so concludes that it would be improper, in this instance, to appoint counsel to represent plaintiff in her claim under Count I of the complaint. In my opinion, it would be unjust to appoint and require counsel to serve without compensation in this action when the record so clearly reflects plaintiff's ability to assume the costs of retained counsel.

In view of the foregoing, the Court finds that plaintiff's Motion for Appointment of Counsel should be Overruled. The Court notes that Defendant's Motions to Dismiss, or for More Definite Statement are still pending, and that no brief has ever been filed on behalf of plaintiff. As noted, a brief on these motions has been submitted by the E.E.O.C. as *Amicus Curiae*. Although this brief may contain certain extraneous material, it is the opinion of the Court that defendant's Motion to Strike the Brief should be Overruled. In the interest of justice, it will be the further Order of this Court that plaintiff be granted an additional 45-day period to prepare and file a brief pro se or by counsel, in opposition to defendant's Motion to Dismiss. Accordingly,

It is ordered that Defendant's Motion to Dismiss for Lack of Prosecution be and it is hereby Overruled [Dkt. #20], that plaintiff's Motion for Appointment of Counsel be and it is hereby Overruled [Dkt. #25]; that defendant's Motion to Strike the Brief of *Amicus Curiae* be and it is hereby Overruled [Dkt. #14]; and

It is further ordered that defendant's Motion to Dismiss or for More Definite Statement be continued for a period of 45 days from date of this Order, and that thereafter, the Motion be set for the next Motion Day of this Court [Dkt. 4]. The plaintiff is granted 45 days from date of this Order to file her Brief, pro se or by counsel, in opposition to this Motion.

The Clerk is directed to forward copies of this Memorandum and Order to the Plaintiff, Mrs. Helen M. Puffer, to counsel for defendant Cessna Aircraft Company, and to counsel for the *Amicus Curiae*, the Equal Employment Opportunity Commission.