Mae Harmon EDMONDS, on her own Behalf and on Behalf of Other Persons Similarly Situated, Plaintiff,

v.

E. I. duPONT deNEMOURS & COMPANY, Inc., Defendant.

Civ. A. No. T–4679.

United States District Court,
D. Kansas.

May 26, 1970.

John C. Frieden, Topeka, Kan., for plaintiff.

David Copus, Atty., Equal Employment Opportunity Commission, Washington, D. C., William G. Haynes, Topeka, Kan., for defendant.

## ORDER DENYING MOTION TO RECONSIDER APPOINTMENT OF ATTORNEY

TEMPLAR, District Judge.

Plaintiff in this case filed a charge with the Commissioner of Equal Employment Opportunity alleging discriminatory and unlawful employment practices by the defendant.

The Commission investigated the complaint and found that there was reasonable cause to believe defendant had committed an unlawful employment practice in violation of Title VII of the Civil Rights Act of 1964 by refusing plaintiff equal promotion opportunity because of her sex, as alleged. It is apparent that conciliation efforts were expended in order to achieve voluntary compliance with Title VII of the Civil Rights Act of 1964, and on September 26, 1969, by letter sent to plaintiff, registered mail, return receipt requested, plaintiff was notified by the Commission that conciliation efforts had failed and that she had thirty days after receipt of the letter to institute a civil action in the Federal District Court. She was also advised that "if you decide to institute suit and find you need assistance, you may take this letter along with the Commission's determination of reasonable cause to believe Title VII has been violated, to the Clerk of the Federal District Court

nearest the place where the alleged discrimination occurred and request that a Federal District Judge appoint counsel to represent you."

Upon receipt of this letter, plaintiff undertook, without success, to obtain the services of an attorney to represent her and file an action in federal court within the very short period of time of thirty days allowed by law.

Plaintiff, a resident and citizen of Baldwin, Kansas, came to Topeka on October 7, 1969, and went to the office of the Clerk of the United States District Court at that place, which was the federal court nearest Tecumseh, Kansas, the place at which the alleged discrimination occurred, and presented the letter to the Court Clerk.

The Court Clerk, being unfamiliar with the procedure, on plaintiff's behalf, requested an audience with the undersigned judge of the Court, which request was granted, and plaintiff presented the letter and orally requested that the Court appoint an attorney to represent her in what appeared to her to be a technical and complicated proceeding requiring skill and legal training, not possessed by her, so that her claim could be prosecuted.

The undersigned judge of this Court found and determined, after making full inquiry of plaintiff, that she had undertaken to get several different attorneys in Douglas County, Kansas, the place of her residence, to represent her but all had declined because they had no understanding of the legal problems involved and would not undertake a study of the case without substantial retainer which plaintiff was financially unable to pay. Plaintiff had no acquaintance with attorneys in Topeka and her inquiries of attorneys to whom she was directed brought the same refusal by them to afford her representation under the circumstances.

This Court made further inquiry and was satisfied that plaintiff's claim was not lacking in merit; that she was not financially able with her limited means and small income to employ counsel and

that she, though not a pauper, because her income and means scarcely provided her with actual necessities, was entitled to proceed if the proper procedure were followed, otherwise, her claim would be lost and her rights forfeited because of her inability to pay counsel or give security for costs.

The Court took into consideration the fact that under 42 U.S.C. § 2000e–5(e), upon application by the complainant and in such circumstances as the Court may deem just, the Court could appoint an attorney for a complainant and authorize the commencement of the action without the payment of fees, costs or security, and believed that, in its discretion, an attorney could be appointed for the plaintiff and that she could be authorized to commence the action without payment of fees, costs or giving security.

The Court determined that on the showing made to it in chambers by the plaintiff that the circumstances of the case were such that in the exercise of sound discretion, it should permit the plaintiff to proceed without payment of fees and that she was entitled to have an attorney appointed to represent her.

An order appointing an attorney was entered, the attorney accepted the appointment and prepared a complaint for plaintiff which was filed October 24, 1969, approximately two days before the statute would have barred the action.

■ The Court is now satisfied that the appointment was justified and proper under the circumstances. A careful review of the applicable statutes persuades the Court that 28 U.S.C. § 1915, relating to proceedings in forma pauperis, does not apply, but that this proceeding is governed by 42 U.S.C. § 2000e–5 (e), which grants the Court power to authorize the commencement of the action without payment of fees, costs or security. The Court is satisfied that under this provision it properly exercised its power to grant plaintiff permission to proceed in the manner in which she did.

■ ■ The Court was entitled to consider other factors in making the determination as it did. The Court is aware that this is not to be classified as private litigation but is a proceeding in which the public has a substantial interest, bearing in mind the policy established by Congress that unlawful employment practices so threaten the fabric of our society that their effects are inherently irreversible. As was said in United States v. Hayes International Corporation, 5 Cir., 415 F.2d 1038, 1045, where an "employee is discriminatorily denied a chance to fill a position for which he is qualified and has the seniority to obtain it, he suffers irreparable injury as does the labor force of the country as a whole." The Court took into account the fact that few attorneys are qualified by study or experience to quickly serve a claimant who has but thirty days to obtain counsel and file a proper proceeding in Court. Taking into account the relative economic positions of the parties and their knowledge and expertise in dealing with this kind of litigation, an untutored workman may well flounder for thirty days in an effort to obtain aid in protecting his rights unless afforded the privilege for which Congress has made provision.

The Court has examined carefully the case of Puffer v. Cessna Aircraft, 308 F.Supp. 443, decided by an able and respected judge of the United States District Court for Kansas, and does not believe it to be controlling here.

In *Puffer*, the trial court found that plaintiff there had employed counsel who had prosecuted the action brought as private and personal litigation on her own behalf, and who withdrew after the case was filed. She did not undertake to maintain the action on behalf of other persons employed by defendant who were similarly situated. Furthermore, in *Puffer*, the court found that plaintiff's only claim was that she could not get an attorney willing to represent her after her employed attorney withdrew from the case. She did not contend that she was financially unable to do so.

It should be observed that in the case at bar plaintiff is maintaining this action as a class action under the Court's authorization to do so. (Doc. 21.)

The case of Petition of Ramirez, D.C., 282 F.Supp. 663, has been examined. There that Court determined, from facts apparently deemed sufficient to it, that the facts did not require the appointment of an attorney. Again, in that case, petitioner did not seek authority to commence the action without payment of fees, costs or security, but simply asked for an attorney with no showing he had been unable to hire one.

This Court, upon what it considered to be adequate inquiry for that purpose, determined (1) that plaintiff was unable to obtain the services of counsel because none she could find would take her case, and (2) she was not financially able to employ an attorney had she been able to locate one qualified and willing to present her case. The Court finds nothing in the statute requiring the filing of oaths, statements, inventories of assets or affidavits in support thereof in order to establish financial inability to employ counsel. The Court was satisfied, after making full inquiry and in the exercise of its discretion, that unless an attorney was quickly appointed to aid this plaintiff her cause and those of her class would surely fail. The Court was also satisfied, in its discretion, under all the circumstances, that it should authorize the commencement of the action without the payment of fees, costs or security, bearing in mind that the many factors to be considered justify the granting of such leave when a charge of unlawful discrimination is involved and conciliation has failed, and where an "individual, often obscure, takes on the mantel of the sovereign." Jenkins v. United Gas Corp., 5 Cir., 400 F.2d 28, 32.

This Court gave much consideration to the relative economic and strategic legal positions of the parties, as well as the fact that it is not routine litigation but has "heavy overtones of public interest."

One added comment seems justified. In United States v. Gustin-Bacon, et al., 426 F.2d 539, decided April 30, 1970, by the Tenth Circuit Court of Appeals, the Court of Appeals pointed out at p. 543 that:

" 'It shall be the duty of the judge designated pursuant to this section to assign the case for hearing at the earliest practicable date *and to cause the case to be in every way expedited.*' This makes it abundantly clear that these controversies are of great urgency and must be disposed of promptly. Our decision rests in part on an awareness of that need for orderly but expeditious handling."

Laboring under this admonition, this Court is hopeful that the litigation may now be expedited.

The motion of defendant to reconsider the Court's order appointing counsel for the plaintiff is overruled and denied.

It is so ordered.