Eli Bloom
District Prosecutor

[A 2649]         EB:joa

---

**Jimmy JOHNSON, Plaintiff,**
v.
**The HERTZ CORPORATION, Defendant.**
**No. 70-H-706.**

United States District Court,
S. D. Texas,
Houston Division.

Sept. 15, 1970.

Jimmy Johnson, pro se.

No appearance for defendant.

NOEL, District Judge.

On July 7, 1970, Judge John V. Singleton of this Court granted plaintiff's motion to file his alleged unlawful employment practice civil rights suit in forma pauperis, and allowed him to proceed without the usual prepayment of court costs pursuant to the dictates of the Civil Rights Act of 1964, title VII, § 706(e), 42 U.S.C. § 2000e–5(e) (hereafter the Act and citation will be only to the relevant section of the U.S.C.). His complaint has been filed, and has been assigned to my docket.

Presently pending in the case is plaintiff's motion for the appointment of counsel. For the reasons to be discussed below his motion is premature and is denied without prejudice.

The statutory provision under which plaintiff urges this Court to appoint him counsel states in pertinent part:

> Upon application by the complainant and in such circumstances as the court *may deem just,* the court *may* appoint an attorney for such complainant *and* may authorize the commencement of the action without the payment of fees, costs or security. (Emphasis added.)

The Civil Rights Act does not afford plaintiff an absolute right to appointed counsel. Green v. Cotton Concentration Co., 294 F.Supp. 34 (S.D. Tex.1968). Before counsel can be appointed it must first be shown that plaintiff has made a diligent effort to retain counsel, and has been unable to do so. *Green, supra.* Furthermore, this Court is charged with the duty not to burden the taxpayers with the expenses of frivolous litigation. *Green, supra,* at 35.

If plaintiff's claim has merit it seems reasonable to believe that he will be able to retain counsel on a contingent fee basis. In sections 2000e–5(g) and (k) of "the act" Congress has laid the basis for a potential contingent fee by authorizing the payment of back pay, reduced by interim earnings, and by authorizing the Court to award reasonable attorney's fees as court costs in appropriate cases. *Cf.:* Fekete v. United States Steel Corp., 300 F.Supp. 22, 23 (W.D.Penn. 1969).

Until plaintiff proves to the Court that he has made a diligent effort to retain counsel, it would be *unjust* to burden the taxpayers of this country with the costs of this suit. "The federal paupers statutes were enacted to make the federal courts accessable to those of modest means; they were not intended to authorize the court to give an indigent carte blanche." *Green, supra,* 294 F.Supp. at 36.

Although answer has not yet been filed, this Court believes that it is an appropriate time to note that there is some question whether the complaint states a cause of action. From the pleadings as they now read it seems questionable whether plaintiff's "Race, Color, Religion, Sex or National Origin" was the basis for the defendant's alleged discriminatory conduct. This observation, however, is not a decision, and counsel, once retained or appointed, may be able to correct this defect, if any, by repleading.

Accordingly, it is Ordered that plaintiff's motion for the appointment of counsel is denied without prejudice. The Clerk shall file this instrument and send copies to plaintiff and to defendant, when answer is filed.