**Application of John S. MILLER.**

**No. SA77CA48.**

United States District Court,
W. D. Texas,
San Antonio Division.

Feb. 28, 1977.

---

## MEMORANDUM ORDER

SPEARS, Chief Judge.

John S. Miller has requested the Court, pursuant to 42 U.S.C. 2000e–5(f)(1), to appoint an attorney to represent him with respect to two employment discrimination cases. Mr. Miller has contacted the office of the District Clerk on several occasions concerning his request. Based upon the materials and information which he has furnished to the Chief Deputy Clerk, and statements Mr. Miller has made on his various contacts with the Clerk's office, the facts appear to be as recited below.

Miller filed two discrimination charges with the Equal Employment Opportunity Commission (hereinafter, "EEOC") on June 15, 1976. In one charge, Miller claimed that his former employer, Turbine Support Division, discriminated against him on account of his race by discharging him, by conspiring with a labor union to prevent proper processing of his grievance, and by refusing to re-hire him on account of his race. With respect to this charge, the EEOC made a determination that the evidence did not support the charge, and set forth its findings in a letter dated December 30, 1976. On the same date, the EEOC sent the statutory "Notice of Right To Sue" to Miller.

Miller's second charge was made against a labor union, the International Union of Electrical, Radio & Machine Workers, Local 1019. In this charge, Miller alleged that the Union violated Title VII of the Civil Rights Act of 1964 by failing to represent him adequately on account of his race. With respect to this charge, the EEOC, by letter dated October 20, 1976, found that the evidence supported the charge, and sent a "Notice of Conciliation Process" to the parties involved. From the materials and information made available to the District Clerk's office, it appears that the EEOC has neither brought suit in regard to this charge, nor formally declined to do so, nor notified the parties of the failure of its conciliation efforts, nor given Miller his formal Notice of Right to Sue.

Miller has stated that he desires to bring suit on his own, but that he is unemployed, and has a family to support, and is financially unable to afford counsel. He also states that he has contacted three local attorneys plus the Legal Aid Association and the San Antonio Bar Association, but has been unable to find an attorney willing to handle his case.

The relevant statute, 42 U.S.C. 2000e–5, (a) through (k), provides that a person who believes himself to have been the victim of an unlawful employment practice may file a charge concerning the unlawful practice with the EEOC. Under Subsection (b), the EEOC, if it finds a charge to be without merit, shall dismiss the charge and so notify the parties. If it finds the charge to be meritorious, then it is required to attempt first to eliminate the unlawful employment practice by "informal methods of conference, conciliation, and persuasion."

Under Subsection (f)(1) if the EEOC is unable to secure a conciliation agreement, it may bring suit itself. The same subsection provides that if a charge is dismissed by the EEOC, or if 180 days have elapsed since the filing of the charge, and during such period the EEOC has neither dismissed the charge nor brought suit, then it shall notify the complaining party. The complaining party thereafter has a right to bring suit within

ninety days of the giving of the notice. The same section provides: "Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security."

With respect to Mr. Miller's two charges, it appears that he has been given notice of the dismissal of his charge and notice of his right to sue with respect to the charge against Turbine Support. He therefore has ninety days from the giving of the notice in which to bring suit. With regard to the charge against the Union, more than 180 days have elapsed and the EEOC has not filed suit, although Miller has not received his notice from the EEOC, which is a jurisdictional prerequisite to his bringing suit on his own.

The reported cases dealing with the propriety of appointing an attorney for a civil litigant in an EEOC case indicate that there are three main considerations involved.

■ As to the propriety of appointing counsel generally, the cases have held that it is largely a matter addressed to the sound discretion of the Court. Basically, three questions are involved. First, does the person have a claim which appears to be meritorious? Second, is the person financially unable to employ counsel? Third, has the person, after diligent effort, been unable to secure counsel? (The inability could include inability because of financial status or because of reluctance of local lawyers to take the case or whatever.)

■ Applying the first criteria to Mr. Miller's claim against his employer, it appears doubtful that his claim is meritorious. Although it has been held that a finding of no probable cause by the EEOC does not, by itself, justify denial of counsel, it is a factor to be considered. *Harris v. Walgreen's Distribution Center*, 456 F.2d 588 (6th Cir. 1972). Likewise, since the act provides for recovery of attorney's fees by the prevailing party [42 U.S.C. 2000e–5(k)], the inability to find a lawyer to handle the case on a contingent fee basis, when coupled with the adverse finding by the EEOC, indicates a probability that his case against his employer is without merit.

In addition, Miller has not indicated that he intends to offer additional evidence in a lawsuit which would show that the EEOC determination was incorrect. Therefore, the Court is of the opinion that the appointment of an attorney to prosecute a suit against Turbine Support is inappropriate, since there has been no showing that such a suit would be other than frivolous.

■ As to the charge against the Union, the finding by the EEOC, while certainly not binding upon the Court, is a strong indicator that Miller's claim is not frivolous, and that he at least has a case of arguable merit. Therefore, Miller's request for the appointment of an attorney is not inappropriate with regard to the Union charge because of obvious lack of merit.

■ As to the second criteria, the cases have held that the Pauper's Oath required by 28 U.S.C. § 1915 is not required in an EEOC case. See *Edmonds v. E. I. duPont de Nemours & Co.*, 315 F.Supp. 523 (D.C. Kan.1970), *Green v. Cotton Concentration Co.*, 294 F.Supp. 34 (S.D.Tex.1968). Also it has been held that the person requesting the appointment of an attorney need not be destitute. In at least two reported cases, attorneys were appointed where, although the person was employed, his income covered only his necessities: *Edmonds v. E. I. duPont de Nemours & Company*, supra, *Petete v. Consolidated Freightways*, 313 F.Supp. 1271 (N.D.Tex.1970). In Mr. Miller's case, since he is unemployed, he would appear to be eligible as far as his financial condition is concerned.

As to the third criteria, the cases give great weight to the amount of effort the person has expended in order to obtain counsel on his own. See, for example, *Spanos v. Penn Central Transportation Company*, 470 F.2d 806 (3rd Cir. 1972), *Edmonds v. duPont*, supra, *Johnson v. Hertz Corporation*, 316 F.Supp. 961 (S.D.Tex.1970), *Petete v. Consolidated Freightways*, 313 F.Supp.

1271 (N.D.Tex.1970), *Green v. Cotton Concentration Company, supra, Petition of Felix T. Ramirez,* 282 F.Supp. 663 (S.D.Tex. 1968). According to Miller's statement to the Chief Deputy Clerk, he contacted three lawyers, as well as Legal Aid and the Bar Association, all to no avail.

Accordingly, applying the three criteria of the cases, the appointment of an attorney is appropriate with respect to the charge against the Union. There is, however, an additional consideration. Since Miller has not received formal notice from the EEOC, he is not yet entitled to bring suit. However, since more than 180 days since the filing of the charge have elapsed, he is entitled to receive his notice, and thereafter to prosecute a suit. In this situation, the statute is not clear as to the propriety of appointing an attorney. It would seem, however, that since a complaining party is entitled to his notice after 180 days as a matter of right, the Court can properly appoint an attorney to prosecute the suit after the expiration of the 180 day period but before the giving of the notice. Part of said attorney's function in prosecuting the suit would, of necessity, include obtaining for his client the necessary jurisdictional prerequisite for the suit.

Therefore, it is hereby ORDERED that John S. Miller's application for the appointment of counsel, with respect to his charge against Turbine Support be DENIED.

It is further ORDERED, however, that John S. Miller's application for the appointment of counsel with respect to his charge against the International Union of Electrical Radio & Machine Workers, Local 1019, be GRANTED, and that Samuel H. Bayless, a member of the Bar of this Court, be appointed to represent the said John S. Miller. As a part of his representation, said counsel may take such action as he deems appropriate to obtain the jurisdictional notice from the EEOC.

It is further ORDERED that any action brought pursuant to this order may be commenced without the payment of fees, costs or security.