Craig ARNOLD, Plaintiff,

v.

SPEEDGRIP CHUCK, INC., Defendant.

No. S 80–201.

United States District Court,
N. D. Indiana,
South Bend Division.

Oct. 21, 1981.

Craig Arnold, pro se.

Douglass K. Dieterly, South Bend, Ind., for defendant.

## MEMORANDUM AND ORDER

SHARP, District Judge.

Plaintiff, Craig Arnold, filed a Motion for Reappointment of Counsel on October 5, 1981. Defendant, Speedgrip Chuck, Inc., by counsel, filed a response to defendant's motion on October 9, 1981.

This court appointed counsel for the plaintiff in this case on October 17, 1980, at plaintiff's request based on his affidavit of June 26, 1980. On July 17, 1981, plaintiff's court appointed counsel filed a motion for leave to withdraw her appearance on the grounds that plaintiff had failed to contact her regarding the case and failed to produce documents or lists of witnesses requested by

her for preparation of the case. On July 20, 1981, the court granted her motion to withdraw.

■ Plaintiff does not have an unqualified right to the appointment of counsel in this case. Title VII provides that the Court may appoint an attorney for a complainant in such circumstances as the court may deem just. 42 U.S.C. § 2000e–5(f)(1). The statute's clear intent is to limit the appointment of counsel in suits brought pursuant to Title VII to only those situations where, in the sound discretion of the court, the circumstances clearly warrant it. *See, e.g., Moore v. Sunbeam Corp.,* 459 F.2d 811 (7th Cir. 1972); *Puffer v. Cessna Aircraft Co.,* 308 F.Supp. 443 (D.Kan.1969); *Green v. Cotton Concentration Co.,* 294 F.Supp. 34 (S.D.Tex.1968).

Courts have set forth several criteria for the purpose of determining when and if a pro se plaintiff is entitled to the appointment of counsel in a matter brought pursuant to Title VII. The criteria to be considered by the court in exercising its judgment include:

1. Whether the plaintiff has a meritorious claim.

2. Whether the plaintiff has made a diligent effort to retain counsel.

3. Whether the plaintiff has the financial ability to retain counsel.

*See, e.g., McIntyre v. Michelin Tire Corp.,* 464 F.Supp. 1005 (D.C.S.C.1978).

■ In determining whether or not plaintiff has set forth a meritorious claim for the purpose of making its decision as to the appointment of counsel in a matter, it has long been held in the Seventh Circuit that it is proper for the court to rely in part upon the EEOC's findings in the matter. *Robinson v. Western Electric,* 3 F.E.P. 846 (7th Cir. 1971). In *Robinson,* the court concluded that it was not an abuse of discretion for the district court to rely in part upon the EEOC's determination of no probable cause, while taking into consideration the facts upon which the Commission's decision rests,

in finding that the plaintiff was not entitled to court-appointed counsel for the reason that plaintiff's cause was lacking in merit.

■ In the case at bar, the Indiana Civil Rights Commission found no probable cause to believe a violation of the Indiana Civil Rights Law had occurred, as charged by the plaintiff in his complaint before that body. Along with that finding, the Commission entered a complete summary of plaintiff's allegations, the facts involved with respect thereto, a listing of the evidence presented, an evaluation thereof, and a statement supporting its conclusions and findings with respect thereto. Subsequent to the findings of the Indiana Civil Rights Commission, the Equal Employment Opportunity Commission issued its determination concluding that there was not reasonable cause to believe that plaintiff's charge alleging a violation of Title VII of the Civil Rights Act of 1964 was true. The facts, as recited in the Indiana Civil Rights Commission's findings, as examined, verified and adopted by the EEOC, clearly demonstrate that plaintiff's discharge was for just cause. For example, the facts disclose that the plaintiff received numerous verbal reprimands and two written warnings from his immediate supervisor and plant manager as a result of plaintiff's leaving his work station without permission, falling asleep at his machine while the machine was left running thereby causing the risk of serious injury or death, poor work attitude, obstinance, and shortness of temper, insubordination, drinking alcoholic beverages on company property, and/or reporting to work in an intoxicated state, throwing a hammer at another employee and threatening other employees. Thus, these items clearly demonstrate that the plaintiff was discharged for just cause and that the plaintiff has failed to set forth a meritorious claim sufficient for providing grounds for the reappointment of counsel by the court.

The fact that it is not an abuse of discretion on behalf of the court to refuse to

appoint counsel in light of a record indicating that plaintiff's employment was terminated for just cause, including a determination by the EEOC that there was no probable cause for believing any violation of the Civil Rights Act has occurred, is supported by numerous cases. *See, e.g., Harris v. Walgreen's Distribution Center,* 456 F.2d 588 (6th Cir. 1972); *In the Matter of Helen Robinson,* 4 E.P.D. ¶ 7504 (D.C.Ill.1970); *Green v. Cotton Concentration Co.,* 294 F.Supp. 34 (S.D.Tex.1968). Specifically, the court in *McIntyre v. Michelin Tire Corp.,* 464 F.Supp. 1005 (D.C.S.C.1978), held that:

> In determining whether to appoint counsel, the court should consider the merits of the plaintiff's claims. (citations omitted). [P]laintiff [is] not entitled to appointment of counsel where it is not obvious that a meritorious claim has been presented. (citations omitted). The EEOC is the administrative agency charged with the responsibility for enforcing Title VII, and is presumed to have expertise in the area of civil rights violations. Consequently, the EEOC's disposition of a charge of discrimination is highly probative of the merits of a ᵐitle VII plaintiff's claim.

*Id.* at 1008.

In *McIntyre,* as in this case, both the state's Employment Security Commission and the EEOC found that plaintiff's discharge from the defendant employer was for just cause, and/or that there was no probable cause to believe that plaintiff had been discriminated against on the basis of race. The findings of those organizations, supported by corporate business records and affidavits, have been found to be a sufficient basis for determining that plaintiff's claim is meritless, thus militating against the appointment of counsel on plaintiff's behalf.

█ The second criteria to be evaluated in determining whether the plaintiff is entitled to appointment of counsel in this case is whether the plaintiff has the financial ability to retain counsel. The plaintiff must demonstrate his financial inability to secure representation of counsel. The fact that it is merely burdensome to pay counsel is not sufficient. But rather, the plaintiff must demonstrate that he is financially unable to do so. *See Puffer v. Cessna Aircraft Co.,* 308 F.Supp. at 446; *Vinson v. Taylor,* 23 E.P.D. ¶ 31,002 (D.D.C.1980); *McGowan v. U.S.I. Information Agency,* 14 E.P.D. ¶ 7,533 (D.D.C.1977); *Aiken v. New York Times,* 2 E.P.D. ¶ 10,063 (S.D.N.Y. 1969); *Hackett v. McGuire Brothers, Inc.,* 3 E.P.D. ¶ 8,057 (D.C.Pa.1970).

Plaintiff's deposition testimony of September 29, 1980 indicates that the plaintiff's affidavit regarding financial status supplied to the court on June 26, 1980 is no longer accurate. Plaintiff's deposition indicates that he is currently making between $400.00 and $450.00 per week. Taking his testimony to be true, and using an average of $425.00 per week, it would appear that plaintiff's annual income is approximately $22,100.00 per year. On an hourly basis, plaintiff states that he earns approximately $11.00 per hour doing piece work at Vincent Bach, and works a 40 to 45 hour week.

In addition to plaintiff's deposition testimony concerning his financial status, plaintiff, on October 7, 1981, provided defendant's counsel with a document purportedly signed by R.F. Stackhouse (Manager, Industrial Relations, Vincent Bach Corp.), indicating that as of October 9, 1981, Mr. Arnold's annual earnings for 1981 have thus far exceeded $14,164.00. Thus, with the year being only three-fourths over, a simple mathematical computation indicates that Mr. Arnold's annual income from this employer alone will be nearly $19,000.00 by year's end. This income is exclusive from all other income which the record indicates plaintiff may be receiving from other sources—such as working at his father's service station. Based upon the above information supplied by plaintiff with respect to his income, he in no way falls within the class of indigent individuals which the fed-

eral pauper's statutes are designed to protect.

The third factor to be considered in determining whether the plaintiff is entitled to the appointment of counsel is whether the plaintiff has made a diligent effort to retain counsel. In this regard, the United States Court of Appeals for the Third Circuit in *Spanos v. Penn Central Transportation Co.*, 470 F.2d 806 (3rd Cir. 1972), held that where plaintiff brings an action alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, counsel would not be appointed on his behalf where he has made no representation in his petition that he had attempted to enlist the aid of counsel, a burden certainly placed upon him. Id. at 808. Thus, the court held that where plaintiff merely passed the matter over with the casual comment that he did not have the time or the means available to seek an attorney, the denial of plaintiff's petition for the appointment of counsel by the district court was well within the discretion of the District Court and nothing in the way of abuse thereof has been shown or even alleged. *Id.*

█ To be entitled to the appointment of counsel, a plaintiff must show that he has been unable to hire counsel after a diligent effort. *Johnson v. Hertz Corp.*, 316 F.Supp. 961 (S.D.Tex.1970); *Hudak v. Curators of the University of Missouri*, 586 F.2d 105 (8th Cir. 1978); *Green v. Cotton Concentration Co.*, 294 F.Supp. at 36. In defining the type of diligent effort required on behalf of plaintiff in attempting to secure counsel, one court held that plaintiff's efforts in approaching two attorneys practicing in Greenville, South Carolina fell far short of the diligence that should be required for a community in which the court judicially noticed that there were over 400 practicing attorneys. *McIntyre*, at 1009–1010. Furthermore, the court in *Puffer, supra*, rejected plaintiff's petition for court-appointed counsel although plaintiff alleged she had been refused representation by eleven lawyers. *Id.* Therefore, with respect to the entire issue of plaintiff's ability to afford representation, and his efforts to secure counsel on his behalf, the district court in *McIntyre* held that:

> Before proceeding to appoint a lawyer to work...for plaintiff, the court should consider plaintiff's financial ability to employ a lawyer.... [P]laintiff has the burden of demonstrating financial inability to employ counsel ... Considering the issue of appointment of counsel, the court should consider the efforts made by plaintiff to obtain an attorney ... It appears logical that if the plaintiff's claim has merit she [he] will be able to obtain counsel on a contingent fee basis. [However], absent a more diligent effort to obtain counsel ... it would be unjust to burden the taxpayers with the cost of this lawsuit.

Id.

In the case before this court, plaintiff has made no representation in his petition for the appointment of counsel that he has ever attempted to enlist the aid of counsel. Until he proves to this Court that he has made a diligent effort to retain counsel it would be unjust to burden the taxpayers of this country with the costs of this suit.

For the foregoing reasons, the Court DENIES plaintiff's motion for reappointment of counsel.