**In re Mrs. Hazel MAHONE, Petitioner.**
**Misc. No. 639.**

United States District Court,
E. D. Tennessee, N. D.
Feb. 26, 1971.

Craig T. Sawyer, Office of General Counsel, Equal Employment Opportunity Commission, Washington, D. C., W. L. Williams, Jr., Field Atty., Birmingham, Ala., for petitioner.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Mrs. Hazel Mahone charges her employer with violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e. After exhausting available administrative remedies without relief, she requested that counsel be appointed to assist her in filing a suit. Her initial request was denied. She renewed her application, and an affidavit and later a supporting brief, both prepared by the Equal Employment Opportunity Commission, were filed in her behalf.

Mrs. Mahone deposes to facts which would appear to allow her to proceed in forma pauperis. 28 U.S.C. § 1915(a). She also states:

> "14. That I have not attempted to employ counsel because I am unable to employ one."

The Commission contends that counsel should be appointed because of the public nature of the action and Mrs. Mahone's inability to secure counsel. In support of the second point, the Commission claims that civil rights suits which "invariably pit underprivileged plaintiffs against giant industrial corporations" are unpopular and that counsel is difficult to secure. The Commission also suggests that the possibility of substantial recovery has not produced private attorneys willing to assist in this type of litigation. Thus, it is submitted that a showing of an effort to obtain counsel is not in keeping with the practical realities of the situation.

Under the applicable statutes the Court understands counsel may be appointed when just, and that reasonable attorney's fees may be allowed the prevailing party. See Newman v. Piggie Park Enterprises, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968).

Since Mrs. Mahone has made no individual effort to retain counsel, the Court is of the opinion that it is not "just" to appoint counsel. In the Court's experience, the local bar has not been hesitant to file claims which are considered meritorious, regardless of the popularity or the novelty of the cause. The Court is also advised that the Legal Clinic which represents many poor persons at the University of Tennessee College of Law will file suits on behalf of individuals unable to secure representation. Such suits have been filed. King v. Laborers Union, No. 6671, filed July 1, 1969. Furthermore, the Commission appears to forget that the local bar may also supplement its efforts in screening out complaints where the grievances are more imagined than real, preventing patently frivolous litigation.

For these reasons, it is ordered that the application for appointment of counsel be, and same hereby is, denied.