Fulton CASTON, Plaintiff-Appellant,

v.

SEARS, ROEBUCK AND COMPANY,
HATTIESBURG, MISSISSIPPI,
Defendant-Appellee.

No. 75–3925.

United States Court of Appeals,
Fifth Circuit.

Aug. 5, 1977.

Ronald R. Welch, Frank R. Parker, Jackson, Miss., Melvyn R. Leventhal, Jack Greenberg, Eric Schnapper, Legal Defense Fund, New York City, for plaintiff-appellant.

Marleigh Dover Lang, EEOC, Washington, D. C., amicus curiae.

Dean Charles Houk, Jr., Sears, Roebuck & Co., Sidney O. Smith, Jr., Franklin R. Nix, Atlanta, Ga., for defendant-appellee.

Appeal from the United States District Court for the Southern District of Mississippi.

Before GEWIN, RONEY and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

This case concerns the appointment of counsel under Section 706(f) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e–5(f)(1) (Title VII). On January 28, 1974, plaintiff, Fulton Caston, a Negro, was discharged by defendant, Sears, Roebuck and Company. On January 30, 1974, plaintiff filed a timely charge of racial discrimination with the Equal Employment Opportunity Commission (EEOC).

The EEOC investigated the charge and on May 29, 1975, issued a decision which found that there was no reasonable cause to believe that plaintiff was discharged because of his race or was treated any differently from whites under the same or similar circumstances. Plaintiff was informed that this determination of no reasonable cause concluded the EEOC's processing of his charge. The EEOC determination letter further informed plaintiff that if he wished to pursue the matter further he could file a private action in Federal District Court within 90 days of his receipt of the determination letter "by taking the other procedural steps set out in the enclosed Notice of Right to Sue."

The Notice of Right to Sue provided: Pursuant to Section 706(f) of Title VII of the Civil Rights Act of 1964, you are hereby notified that you may, within ninety (90) days of receipt of this letter, institute a civil action in the appropriate Federal District Court. If you are unable to retain an attorney, the Federal District Court is authorized in its discretion to appoint an attorney to represent you and to authorize commencement of the suit without payment of fees, cost or security. If you decide to institute suit and find you need assistance, you may take this letter, along with any correspondence you have received from the Commission, to the Clerk of the Federal District Court nearest to the place where the alleged discrimination occurred, and request that a Federal District Judge appoint counsel to represent you. Should you decide to sue, please have your attorney notify the Counsel of this office.

On August 18, 1975, plaintiff appeared in the Federal District Court in Hattiesburg, Mississippi, and was allowed to file the EEOC determination letter and the Notice of Right to Sue. Evidently, plaintiff orally represented to the Clerk that he desired to have an attorney appointed for him by the

district court.[1] On this same day the Clerk forwarded plaintiff's filings to the district judge's office.

On September 3, 1975, plaintiff was cited to appear before the United States District Court at 9:00 a. m. on Monday, September 15, 1975, "to show cause why you should be permitted to sue Sears, Roebuck and Company without payment of costs and why you are entitled to have an Attorney appointed to represent you in such case; failing in which your applications therefor will be dismissed." Plaintiff was served with this citation on September 5, 1975. Sears, Roebuck and Company, the nominal defendant, was not made aware of the proceedings at this time.[2]

Plaintiff appeared before the district court on September 15, 1975, and, apparently, plaintiff's application for the appointment of counsel was discussed. During the course of this unreported colloquy plaintiff's application was denied and as a result of remarks there made, but not here pertinent, plaintiff was adjudged in contempt of court.[3] The district court's written order of September 17, 1975, recited that "the Court having heard and considered oral and documentary proof, including determination letter from the Equal Employment Opportunity Commission, and the Court being fully advised in the premises, concludes that the Court should not appoint an attorney to represent Fulton Caston." Plaintiff was given 10 days within which to employ an attorney. This appeal followed.

The first issue with which we are faced is a rather delicate procedural one. The question is whether a district court's refusal to appoint counsel pursuant to Section 706(f) of Title VII is appealable. Resolution of this issue is complicated by the hazy procedural record developed in the district court.

For this reason we think that it is appropriate to establish some guidelines which should be followed in actions filed under Section 706 of Title VII. Section 706(f) authorizes a federal district court to appoint an attorney to represent a civil rights plaintiff and to permit commencement of the suit without the payment of fees, costs or security. Once a potential plaintiff is informed of this authority which resides in the federal district court, he has several alternatives. First, he may pay the filing fee and prosecute the action *pro se*. Second, he may pay the filing fee and retain an attorney to prosecute his case. Third, he may pay the filing fee and request that the court appoint him an attorney. Fourth, he may request that he be permitted to file suit without the payment of a filing fee and prosecute his case *pro se*. Fifth, he may request that he be allowed to commence his suit without the payment of a filing fee and retain an attorney (probably on a contingent basis). Finally, he may request that he be allowed to commence his suit without the payment of a filing fee and request that the court appoint him an attorney.

The law in this circuit is clear that an order denying an application to proceed *in forma pauperis* is appealable as a final decision. *Flowers v. Turbine Support Division*, 507 F.2d 1242 (5th Cir. 1975). Thus, in those instances where a potential plaintiff requests that he be allowed to commence his suit without the payment of a filing fee

---

1. The record is silent as to whether plaintiff paid the necessary filing fee. The district court's docket sheet does not indicate that the case was filed *in forma pauperis*. The only reference to the payment of money is in the citation issued to plaintiff on September 3, 1975, directing that he show cause why he should be permitted to sue "without payment of costs." The case was in fact assigned docket number H75–89(C). Thus, we assume that plaintiff in fact paid a filing fee.

2. The first notice that defendant received of this matter concerned plaintiff's scheduled sentencing on his contempt conviction. Defendant was never formally served and its interest in this appeal is more as an employer than as an adversary. We commend the decision of defendant to join in the appeal and defense counsel's participation has greatly assisted the court in the resolution of the case.

3. This conviction was reversed by this court in *Caston v. Sears, Roebuck and Co., Hattiesburg, Mississippi*, No. 75–3679, April 15, 1976, 530 F.2d 973.

pursuant to Section 706(f) of Title VII, we are persuaded that an appeal would lie to this court under 28 U.S.C.A. § 1291.

An alternative scenario arises, however, under the third and sixth options open to a potential plaintiff. That is, a potential plaintiff may pay the filing fee and move for the appointment of counsel or a potential plaintiff may be allowed to file suit *in forma pauperis* and be denied appointed counsel. Under these circumstances the lawsuit is under way, yet plaintiff is without the assistance of counsel.

■ We have little hesitation in concluding that the denial of an application to appoint counsel under these circumstances is appealable as a final order pursuant to 28 U.S.C.A. § 1291. The refusal to appoint an attorney is clearly "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949). Obviously, the refusal to appoint an attorney is collateral to the merits of the case. The decision to deny the assistance of an appointed attorney to a layman unschooled in the law in an area as complicated as the civil rights field is truly too important to be deferred until a resolution on the merits can be had. Such an individual likely has little hope of successfully prosecuting his case to a final resolution on the merits. Thus, we hold that the denial of an application to appoint counsel pursuant to Section 706(f) of Title VII is immediately appealable pursuant to 28 U.S.C.A. § 1291. *See Spanos v. Penn Central Transportation Co.*, 470 F.2d 806 (3rd Cir. 1972); *Miller v. Pleasure*, 296 F.2d 283 (2d Cir. 1961), *cert. denied*, 370 U.S. 964, 82 S.Ct. 1592, 8 L.Ed.2d 830 (1962).

Since we conclude that the refusal to appoint counsel is an appealable order, we must proceed to a review of the denial in this case. Section 706(f) of Title VII provides in pertinent part:

Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may au-thorize the commencement of the action without payment of fees, costs, or security.

The district court "having heard and considered oral and documentary proof, including determination letter from the Equal Employment Opportunity Commission" refused to appoint an attorney to represent plaintiff in this case. After careful consideration we vacate and remand for further proceedings.

■ The statute authorizes the appointment of counsel "in such circumstances as the court may deem just." Application of such a test necessarily demands the exercise of a broad discretion. Exercise of discretion, however, implies the application of a reasoned and well-informed judgment. Exercise of discretion implies as well the possibility of abuse. "Discretion is vested not for purposes of 'limit[ing] appellate review of trial courts, or invit[ing] inconsistency and caprice,' but rather to allow the most complete achievement of the objectives of Title VII that is attainable under the facts and circumstances of the specific case." *Franks v. Bowman Transportation Co., Inc.*, 424 U.S. 747, 770–771, 96 S.Ct. 1251, 1267, 47 L.Ed.2d 444 (1976) (citation omitted). We find a remand necessary in this case because we are unable to conclude from the record that the district court exercised a reasoned and well-informed discretion which we may review.

While the statutory provision under consideration has been in existence for some 13 years, we find scant evidence of its application. For this reason we feel compelled to establish some broad guidelines to assist the district court on remand. We quickly point out that the suggestions which we make are designed to assist the decision-maker and not to control the decision. In addition, the considerations which we deem relevant are merely suggestive rather than exhaustive.

■ Clearly, the refusal to appoint counsel solely because the EEOC finds no reasonable cause to believe that a claim exists would be error. *See Harris v. Walgreen's Distribution Center*, 456 F.2d 588, 590 (6th Cir. 1972); *Robinson v. Western Electric*, 3

F.E.P. Cases 846 (7th Cir. 1971). The refusal to appoint counsel may in some circumstances effectively deny a potential plaintiff his only remedy under the law. *See Beverly v. Lone Star Lead Construction Corp.*, 437 F.2d 1136, 1141 (5th Cir. 1971). This is not to say that the determination of the EEOC is not relevant. As the administrative agency statutorily charged with the responsibility of enforcing Title VII and presumably equipped with at least a modest amount of expertise in the area, the determination of the EEOC is highly probative.[4]

■ We also unhesitatingly conclude that there is no automatic right to the appointment of counsel in a Title VII case. *See Moore v. Sunbeam Corp.*, 459 F.2d 811 (7th Cir. 1972); *Robinson v. Western Electric, supra; Sol .v. I.N.A. Insurance Co.*, 414 F.Supp. 29 (E.D.Pa.1976); *Johnson v. Hertz Corp.*, 316 F.Supp. 961 (S.D.Tex.1970); *Puffer v. Cessna Aircraft Co.*, 308 F.Supp. 443 (D.Kan.1969); *Green v. Cotton Concentration Co.*, 294 F.Supp. 34 (S.D.Tex.1968).

■ Between these extremes lies the area within which discretion resides. While a district court may not give preclusive effect to the determination of the EEOC, we reject the notion that the merits of the claim may not be considered in ruling upon an application for counsel. *See Edmonds v. E. I. duPont deNemours & Co.*, 315 F.Supp. 523 (D.Kan.1970); *Pace v. Super Valu Stores, Inc.*, 55 F.R.D. 187 (S.D.Iowa, 1972); *Green v. Cotton Concentration Co., supra.* The district court may, perhaps even should, inquire of plaintiff as to the validity of the no reasonable cause determination and why plaintiff considers the determination to be in error. Surely, the determination of the administrative agency created to enforce the civil rights laws is not to be ignored. In this regard, a finding that the EEOC determination is supported by substantial evidence in the investigative file and that plaintiff's objections thereto are

patently frivolous would weigh heavily in the scales against appointing an attorney.

■ We also think that the district court may properly consider the efforts taken by plaintiff to obtain counsel. *See Spanos v. Penn Central Transportation Co., supra; In re Mahone*, 333 F.Supp. 259 (E.D.Tenn. 1971); *Johnson v. Hertz Corp., supra; Edmonds v. E. I. duPont deNemours & Co., supra; Petete v. Consolidated Freightways*, 313 F.Supp. 1271 (N.D.Tex.1970); *Green v. Cotton Concentration Co., supra ; In re Ramirez*, 282 F.Supp. 663 (S.D.Tex.1968). Title VII awards the prevailing party his attorney's fees and we do not believe that contingent fee arrangements are uncommon in the civil rights field. We are not unmindful of the fact that in some areas, either because of unpopularity or unfamiliarity, a particular plaintiff may be unable to locate an attorney who is willing to prosecute even a meritorious claim. We are also aware of the fact that some persons may be unskilled in the art of even attempting to locate an attorney. And, of course, we do not suggest that a plaintiff should be required to exhaust the legal directory before a court could appoint him an attorney. We are persuaded, however, that a person's diligence in attempting to obtain a lawyer to assist him may properly be considered by the district court in assessing the "justness" in the application for counsel.

We are also of the opinion that the district court may properly consider a plaintiff's financial ability to retain counsel. *See Edmonds v. E. I. duPont deNemours & Co., supra; Petete v. Consolidated Freightways, supra; Green v. Cotton Concentration Co., supra; In re Ramirez, supra.* While the statute does not require that one be a pauper before counsel may be appointed, a person's financial resources should certainly be considered. While we could perhaps envision a case in which even a rich

4. We strongly suspect that in this case we may have witnessed a first in the history of administrative law. The EEOC urges upon us that the administrative determination is entitled to little

weight before the district court. We are unaccustomed to such modesty from an administrative body with substantial expertise in the area.

man could not obtain legal counsel, we believe that such a case would indeed be rare.

█ The factors which we have mentioned are simply ingredients in the total mix of relevant information which should guide the discretion of the district court. Of necessity, the plaintiff has the burden of persuasion with regard to his application. We do not suggest that plaintiff should be saddled with formalized requirements such as the filing of affidavits, statements, or structured pleadings. "Such technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process." *Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972). District courts should be sensitive to the problems faced by *pro se* litigants and innovative in their responses to them.

Plaintiff asserts that in the instant case the district court improperly relied merely upon the determination of no reasonable cause to deny his application for counsel. From our review of the record we are simply unable to agree or disagree. The record before us consists of the EEOC determination letter and Notice of Right to Sue. The hearing at which the application for counsel was considered was not reported. On this scant record we are unable to conclude that the district court exercised a reasoned and well-informed discretion in considering plaintiff's application for the appointment of counsel. For this reason we vacate the order of denial and remand for proceedings consistent with this opinion.[5]

VACATED and REMANDED.

5. The parties are directed to bear their own costs on this appeal.