**Marilyn BARNELL, Plaintiff,**

v.

**PAINE WEBBER JACKSON & CURTIS INCORPORATED, and Steven Kraus, Defendants.**

**No. 82 Civ. 1988 (SWK).**

United States District Court, S.D. New York.

Jan. 19, 1984.

Marilyn Barnell, pro se.

Moss & Boris, P.C. by Richard S. Boris, Neal D. Haber, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The above-captioned action came before this Court upon plaintiff's renewed motion for appointment of counsel and upon defendant Paine Webber Jackson & Curtis, Inc.'s motion for a separate trial on the issue of the timeliness of plaintiff's complaint to the Equal Employment Opportunity Commission ("EEOC"). For the reasons stated below, both motions are hereby granted.

## – BACKGROUND –

Plaintiff was employed by defendant as a stockbroker from November, 1972, until some time in 1979. The exact date that plaintiff was discharged by defendant is in dispute: plaintiff claims she was fired at the earliest on June 6, 1979; defendant claims that she was fired on March 29, 1979.

On April 17, 1980, plaintiff filed a complaint with the New York State Division of Human Rights ("NYSDHR") alleging that defendant discriminated against her in her employment on the basis of sex and discriminatorily discharged her. She authorized the NYSDHR to accept her complaint on behalf of the EEOC as well. On December 31, 1981, the EEOC issued plaintiff a "right-to-sue" notice, and this litigation ensued.

On June 29, 1982, defendant moved for summary judgment on the grounds that plaintiff's complaint to the EEOC was untimely. Although this Court found that plaintiff's complaint to the EEOC was not filed within the applicable limitations period, defendant's motion was denied by Memorandum Decision dated May 9, 1983, on the ground that plaintiff's alleged mental incapacity around the time of her discharge may be cause for tolling the limitations period. Defendant now moves to have that issue tried separately.

On August 13, 1982, plaintiff moved for appointment of counsel. Plaintiff's motion was denied by the May 9 Memorandum Decision without prejudice to her right to renew within forty-five days, on the grounds that plaintiff had made an insufficient showing of her financial inability to afford private counsel and her efforts aimed at securing private representation. Plaintiff has now renewed her motion.

## – DISCUSSION –

*Severance.*

Rule 42(b) of the Federal Rules of Civil Procedure authorizes this Court "in furtherance of convenience or to avoid prej-

udice, or when separate trials will be conducive to expedition and economy, [to] order a separate trial ... of any separate issue." As indicated in this Court's May 9 decision, this case is one issue away from a grant of summary judgment for the defendant. Plaintiff did not file a timely charge with the EEOC; however, timely filing, "like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982). Since plaintiff argued that her time to file should be equitably tolled because of her mental incapacity, summary judgment was 'inappropriate. Nonetheless, a determination adverse to plaintiff on her equitable tolling argument will make this a proper case for dismissal. Furthermore, plaintiff bears the burden of proof on this issue. *See Jackson v. Seaboard Coast Line R.R. Co.,* 678 F.2d 992, 1010 (11th Cir.1982) ("The plaintiff then bears the burden of proving that the conditions precedent [e.g., timely filing], which the defendant has specifically joined in issue, have been satisfied.").

The preparation for and trial of this issue alone will require far less expenditure of the litigants' and the Court's resources than preparation for and trial of the merits of this claim. Moreover, since the trial of this issue may obviate the need for *any* further proceedings herein, a significant saving of time and money may follow from a separate trial on this issue. Severance under Rule 42(b) is an appropriate tool with which the Court can expedite resolution of statute of limitations issues. *See Braun v. Berenson,* 432 F.2d 538 (5th Cir.1970), *Seaboard Terminal Corp. v. Standard Oil Co.,* 30 F.Supp. 671 (S.D.N.Y.1939). The Court, therefore, chooses to exercise its discretion and grant defendant's motion for a separate trial on the issue of the timeliness of plaintiff's complaint to the EEOC in the interests of expedition and economy.

*Counsel.*

Plaintiff has renewed her request for appointment of counsel in this Title VII action. The Court has the authority to appoint counsel if requested by a Title VII *pro se* plaintiff, pursuant to 42 U.S.C. § 2000e-5(f). Section 2000e-5(f)(1) provides, in relevant part, as follows: "Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant...."

In its May 9 decision, the Court enunciated three factors to be weighed in determining a plaintiff's request for counsel. Those factors are as follows: (1) financial inability to hire private counsel; (2) substantial independent effort to obtain counsel; and (3) a meritorious claim. *See also Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305 (5th Cir.1977). This Court found that plaintiff had "made an insufficient showing with respect to at least two of these factors." *Barnell v. Paine Webber Jackson & Curtis, Inc.,* No. 82–1988, slip op. at 11 (S.D.N.Y. May 9, 1983). In particular, this Court required plaintiff to make a more detailed showing with respect to her financial inability to afford counsel and her efforts to secure counsel.*

Plaintiff has submitted more information with respect to each of these criteria. Plaintiff's financial picture is grim: she has monthly expenses approximating $1,000, outstanding debts approximating $22,000, assets worth approximately $3,500, no current income, and remains unemployed. Although the documentation of plaintiff's financial position is nearly as sparse as it was when this Court last reviewed her application, the Court is persuaded that plaintiff has made an adequate showing of her inability to afford counsel. Plaintiff has also shown substantial efforts to secure counsel. She has contacted nearly twenty-five individual attorneys and thirteen organizations in an effort to find

---

* The Court also expressed hesitation because plaintiff was receiving assistance of counsel. Since that decision, however, the attorneys who had been assisting plaintiff *pro bono* have informed the Court that they are no longer able to continue assisting plaintiff; therefore, the plaintiff is truly without counsel now.

someone willing to take her case on a contingency fee basis. Her efforts have been to no avail. The Court finds that plaintiff has made a "reasonably diligent effort under the circumstances." *Bradshaw v. Zoological Soc.*, 662 F.2d 1301, 1319 (9th Cir. 1981). These efforts suffice to warrant the exercise of this Court's discretion appointing counsel. *See Caston*, 556 F.2d at 1309 ("We do not suggest that a plaintiff should be required to exhaust the legal directory before a court could appoint ... an attorney").

A third criterion must be examined—the merits of plaintiff's case. Analysis of the merits of this case is complicated by several factors. First, little if anything, is known about the merits of plaintiff's underlying claim, and this dearth of information will continue because this Court is directing herewith that the merits be put aside and only the issue of timeliness tried at this time. Even if we limit ourselves to the merits of plaintiff's claim for tolling—the sole issue now before the Court—analysis is difficult. It appears that plaintiff did not claim mental incapacity before either administrative tribunal (NYSDHR or EEOC). Thus, no record exists to assist in assessing the merits of this claim. Furthermore, this claim is not conductive of meaningful assessment from paper submissions, such as psychiatrist's affidavits.

In determining whether counsel should be appointed here, this Court is guided by the Second Circuit's most recent pronouncement on the appointment of counsel in EEOC cases. *Jenkins v. Chemical Bank*, 721 F.2d 876 (2d Cir.1983). The court in *Jenkins* cited with approval the criteria used herein by this Court and outlined by *Caston*. At 880. The court also noted that several other factors should be considered, including "the plaintiff's ability to gather and present crucial facts." *Id.* at 136, 880. Finally, the court cautioned against a mechanical application of the various factors and implored the district courts to use a "flexible and sensitive case-by-case approach." *Id.*

It is the very nature of the preliminary claim involved here that this Court finds most compelling in deciding to exercise its discretion in favor of appointing counsel. Plaintiff claims that she was mentally incapacitated. Even assuming that she is fully recovered, plaintiff will undoubtedly have difficulty proving her own incapacity. For one thing, requiring plaintiff to proceed *pro se* at this stage will require her to plumb the depths of her deepest depression to marshal facts in her own favor. Additionally, plaintiff would have to master the complex task of preparing and examining experts. Psychologists and psychiatrists are among the most difficult experts to handle properly. Finally, plaintiff would be left in the unenviable position of examining herself—testifying without proper questioning—about her own emotional deficiencies at the time in question. The Court feels that plaintiff should not be required to prove her own incapacity unaided by counsel. *Cf. Drone v. Hutto*, 565 F.2d 543, 544 (8th Cir.1977) (*pro se* plaintiff's current mental status compelling factor in favor of appointment); *Scott v. Plante*, 532 F.2d 939 (3d Cir.1976) (same).

This Court is satisfied that it should exercise its discretion in this case and appoint counsel to represent Ms. Barnell. Newly appointed counsel should limit the inquiry at this time to the merits of plaintiff's claim for equitable tolling of the limitations period.

In sum, defendant's motion for a separate trial on the timeliness of plaintiff's complaint to the EEOC, pursuant to Rule 42(b), is GRANTED. Plaintiff's request for the appointment of counsel, pursuant to 42 U.S.C. § 2000e–5(f)(1) is GRANTED.

SO ORDERED.