**Willie C. JOHNSON, Plaintiff,**

v.

**NCT SERVICES, Defendant.**

Civ. No. 85–0454.

United States District Court, D. Hawaii.

April 9, 1986.

### ORDER DENYING APPOINTMENT OF COUNSEL

SAMUEL P. KING, Senior District Judge.

This action for employment discrimination is brought under Title VII of the Civil Rights Act of 1964 pursuant to 42 U.S.C. § 2000e–5. On May 16, 1985, plaintiff requested that this court appoint him counsel.

Counsel may be appointed in Title VII cases "[u]pon application by the complain-

ant and in such circumstances as the court may deem just...." 42 U.S.C. § 2000e–5(f)(1)(B). In *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301 (9th Cir. 1981) (*"Bradshaw II"*), the Ninth Circuit Court of Appeals directed district courts to assess three factors in exercising their discretion under this "broad statutory mandate." *Id.* at 1318. In determining whether to appoint counsel, district courts are to consider "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." *Id.*

Typically, a district court will have little difficulty in assessing the first two *Bradshaw II* criteria. The third criterion, however—the merit of plaintiff's claim—involves analysis of information that is in most instances unavailable at the time the request for counsel is made. Most requests for appointed counsel are made prior to discovery, when the record contains allegations, but few facts. In addition, district courts, unlike attorneys, are unable to establish with a plaintiff the type of confidential relationship necessary to facilitate the assessment of realistic options. Thus, while a court may be able to make a preliminary review of the merits at the time counsel is requested, any truly meaningful determination requires the involvement of an attorney, not yet appointed. This was the dilemma that district courts faced in the wake of *Bradshaw II*.[1]

Following the mandate in *Bradshaw II*, this court entered into an arrangement with Hawaii Lawyers Care,[2] whereby that organization agreed to screen cases referred to it by the court. The court assesses the plaintiff's request under the first two *Bradshaw II* criteria and makes a preliminary assessment under the third criterion. If the court is satisfied that plaintiff's request deserves further consideration, the case is referred to Hawaii Lawyers Care. That organization then contacts the potential client and undertakes to locate an attorney willing to serve as appointed counsel. This arrangement has proved very satisfactory. In many cases, the organization has secured willing counsel. Even when counsel is not forthcoming, the would-be client is often afforded an opportunity for an initial interview with trained lawyers. Information conveyed at such a meeting can only help the plaintiff to better understand the substantive and procedural problems involved in his or her particular case, and to reevaluate the prospect of litigation as a solution.

The court initially reviewed plaintiff's request for counsel shortly after it was filed in May of 1985. Satisfied that the request deserved further consideration, the court referred the case to Hawaii Lawyers Care on June 5, 1985. By letter of July 23, 1985, Hawaii Lawyers Care informed the court that they had sent a letter to plaintiff re-

---

**1.** This is not the only dilemma posed by the decision in *Bradshaw II*. In a later decision arising out of the same case, the court of appeals had occasion to reflect upon the inherent difficulty in implementing its own decision:

> Unfortunately, Congress has not been as generous in providing compensation for counsel as it has in authorizing court appointments. Congress has never created a fund for payment of court-appointed counsel in Title VII cases. This deficiency has contributed significantly to the district court's difficulty in finding counsel willing to represent Bradshaw.

*Bradshaw v. United States District Court for the Southern District of California*, 742 F.2d 515, 516 (9th Cir.1984) (*"Bradshaw III"*).

The problems raised by this dilemma are mitigated, but by no means solved, by the provisions of 42 U.S.C. § 2000e–5(k), which authorize the court, in its discretion, to award to a "prevailing party" his or her reasonable attorneys' fees.

**2.** Hawaii Lawyers Care is a nonprofit organization, sponsored by the Hawaii State Bar Association and its Young Lawyers Division. The organization refers poverty-level persons who need legal assistance but cannot afford it to volunteer attorneys willing to assist on a no-fee basis. Originally known as the Hawaii Pro Bono Lawyer Referral Project, the organization was formed in 1981 by the Hawaii State Bar Association, with help from the American Bar Association. Since then, the organization has expanded its services and activities and will serve over 400 clients in 1986. The viability of the organization is dependent upon the generous contributions of time and money by civic-minded attorneys and concerned citizens. Those who wish to learn more about the organization may contact Hawaii Lawyers Care directly at: 1154 Fort Street Mall, Suite 322, Honolulu, Hawaii 96813, (808) 526–3733.

questing contact. In December of 1985, the court was informed that while plaintiff had made initial contact and his case had been preliminarily reviewed, he had failed to recontact the organization for further assistance as directed. Consequently, Hawaii Lawyers Care was forced to discontinue consideration of his case. In following up the matter, the court learned that plaintiff had again contacted the organization and requested assistance, but that upon further review of his case, the organization had found it impossible to refer the matter to willing counsel. By letter of April 4, 1986, a copy of which was sent to this court, Hawaii Lawyers Care informed plaintiff that they are unable to assist him with this case.

Having once again reviewed plaintiff's request and finding that the circumstances of this case do not warrant the coercive appointment of counsel,[3]

IT IS ORDERED that plaintiff's request for court-appointed counsel BE AND HEREBY IS DENIED. Nothing set forth herein precludes plaintiff from proceeding *pro se*.

---

**3.** The court finds that this is not a case where plaintiff is unable to locate counsel because he seeks to pursue a claim, which although meritorious, is politically or socially unpopular. *Cf.* *Bradshaw II*, 662 F.2d at 1301 n. 44; *Caston v. Sears, Roebuck and Co.*, 556 F.2d 1305, 1309 (5th Cir.1977).