**Vivian B. GARRISON, Plaintiff,**

v.

**STATE OF MARYLAND, GREAT OAKS CENTER, et al., Defendants.**

Civ. A. No. PJM 92–2224.

United States District Court, D. Maryland.

April 15, 1994.

---

Vivian B. Garrison, pro se.

Alice Ike, Asst. Atty. Gen., Baltimore, MD, for defendants.

## OPINION

MESSITTE, District Judge.

### I.

This member of the Court inherited the captioned case upon taking office as a Judge of this District in November, 1993.

The file reflects that Plaintiff filed this case *pro se* in August 1992, by including a handwritten statement of facts on a form preprinted for individuals seeking relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* In her Complaint, Plaintiff suggests she was discriminated against in her employment because she was charged with sexual harassment and not given an opportunity to defend herself. Protesting her innocence, she alleges she was slandered and had her character defamed. At the same time, Plaintiff has appended to her Complaint an unfavorable determination of the Baltimore District Office of the Equal Employment Opportunity Commission before which she contended she had been discriminated against because of her age, in violation of the Age Discrimination in Employment Act of 1967 as amended (ADEA), 29 U.S.C. § 621, *et seq.* The alleged discrimination, Plaintiff says, occurred in connection with the same incidents of purported sexual harassment Plaintiff complains of in the handwritten portion of her Complaint.

As part of the pre-printed boilerplate relief, Plaintiff has asked for the appointment of legal counsel pursuant to 42 U.S.C. § 2000e–5(f)(1). No attorney has been appointed for Plaintiff thus far.[1] It appears, however, that Plaintiff on her own obtained service of process on Defendants in the latter part of 1992, such that responsive pleadings were due from them by October 1992. Thus the Court's predecessor in this case (Garbis, J.), by show cause order entered April 20, 1993, directed Defendants to provide reasons why default judgments should not be entered against them. Defendants responded in timely fashion to the Court's Order to Show Cause and in addition have filed a Motion to Dismiss or, in the Alternative, a Motion for Summary Judgment.

The Court has determined to accept Defendants' late-filed pleadings, will deny Plaintiff's request for the appointment of counsel, and will grant Defendants' Motion for Summary Judgment.

A brief exposition of the facts will demonstrate why these determinations are appropriate.

---

1. Plaintiff has been permitted, however, to proceed without the payment of a filing fee.

## II.

■ With regard to Defendants' late filings, the Court notes that at the time the Complaint herein was filed and served, Plaintiff was still an employee at Defendant Great Oaks Center and was actively pursuing separate grievance proceedings involving the underlying incidents involved in this action. As a consequence, Defendants might well have believed that the complaint they received in fact related to the personnel action rather to than a separate lawsuit. In particular, the two individual Defendants, who were not parties but merely witnesses in the grievance proceedings, might well have failed to perceive that they themselves were being sued in the present case. Defendants' late filings are thus excusable.

## III.

■ With regard to the appointment of legal counsel in a Title VII case, while 42 U.S.C. § 2000e–5(f)(1) authorizes the Court to make such an appointment, where it appears that a claim is wholly without foundation and bears virtually no prospect of success, the Court acts properly in denying a request for such appointment. *Poindexter v. FBI*, 737 F.2d 1173 (D.C.Cir.1984). Especially is this so where, as will be seen here, the EEOC determination is supported by substantial evidence in the investigative file and the plaintiff's objections thereto are patently frivolous. *Id., see also Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir.1977). The present case is an apt one for the Court to decline to appoint.

## IV.

■ Plaintiff claims she was unfairly treated by her employer, Defendant Great Oaks Center in Silver Spring, when on several occasions in 1991 she allegedly sexually harassed a younger subordinate. Plaintiff had been at Great Oaks since December 1987 and at the time of the events in question was a Direct Careworker and Developmental Disabilities Associate. Plaintiff's employer investigated the charges of sexual harassment and, apparently satisfied that she had acted inappropriately in one fashion or another, disciplined her. Although Plaintiff denied the sexual harassment and pursued her grievance through the administrative process, the Baltimore District Office of the Equal Employment Opportunity Commission eventually found that Plaintiff's witnesses did not corroborate her version of the case. More importantly, the EEOC found no facts which even remotely suggested discrimination against Plaintiff of the sort comprehended by Title VII or the ADEA. That, in the Court's view, justifies summary judgment against Plaintiff, if not outright dismissal of her case.

Whatever employment grievance she may havé against her employer and her co-workers, whatever state tort remedy she may have for defamation, this much is clear. Plaintiff has no claim for relief under Title VII of the Civil Rights of 1964, which provides redress for employment discrimination based on race, national origin and gender and she has no claim under the ADEA, which protects against age discrimination. Nothing in the Complaint, nothing in the EEOC opinion attached to it, and nothing in the entire record pertains in the .least to the sort of discrimination these statutes address.

Since the record taken as a whole could not lead a rational trier of fact to find for Plaintiff on the claims she brings to this Court, there is no genuine issue for trial. Fed.R.Civ.Proc. 56(e); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Accordingly, the Court will thus enter a separate Order entering summary judgment against Plaintiff and in favor of all Defendants.