Eligah JASON

v.

BAPTIST HOSPITAL, et al.

No. 1:94–MC–80.

United States District Court,
E.D. Texas,
Beaumont Division.

Feb. 9, 1995.

Eligah Jason, Beaumont, TX, pro se.

MEMORANDUM ORDER OVERRULING
MOVANT'S OBJECTIONS AND
ADOPTING THE MAGISTRATE
JUDGE'S REPORT AND RECOM-
MENDATION

JOE J. FISHER, District Judge.

Movant Eligah Jason filed a motion re-
questing permission to proceed *in forma
pauperis* and for appointment of counsel in a
Title VII suit which he desires to file. Mov-
ant's complaint is that he was harassed while
employed as a temporary laborer at Baptist
Hospital ("Hospital") in Beaumont, Texas.
The Equal Employment Opportunity Com-
mission ("EEOC") determined that the evi-
dence obtained did not establish movant had
experienced racial discrimination in violation
of Title VII of the Civil Rights Act of 1964.

The court heretofore ordered that this
matter be referred to the Honorable Earl S.
Hines, United States Magistrate Judge, at
Beaumont, Texas, for consideration pursuant
to applicable laws and orders of this court.
The court has received and considered the
Report of the United States Magistrate
Judge filed pursuant to such order, along
with the record, pleadings and all available
evidence, and has made a *de novo* determina-
tion of the objections raised by movant.

### I. Background

Movant alleges that while employed as a
temporary laborer at the Hospital, he was
subjected to racially derogatory names by a
colleague named Douglas Manning.

Movant subsequently injured his back.
While attempting to use the telephone to
obtain medical attention or instructions from
his temp agency, Manning called him addi-
tional names and prevented his use of the
phone.

### II. The Magistrate Judge's Report

Magistrate Judge Hines recommended
that movant's motion to proceed *in forma
pauperis* be granted and the motion for ap-
pointment of counsel be denied.

In recommending that movant's motion for
appointment of counsel be denied, Judge
Hines evaluated the three relevant factors
enumerated in *Caston v. Sears, Roebuck &*
*Company*, 556 F.2d 1305 (5th Cir.1977). The
first factor, the ability to afford the costs of
litigation, favored granting of movant's mo-
tion. With regard to the second *Caston* fac-
tor, the movant's efforts to secure counsel,
Judge Hines determined movant had not
made a diligent effort to secure counsel prior
to this motion. Movant only consulted with
one attorney and could not remember if he
had investigated a contingency fee arrange-
ment. Lastly, the magistrate judge evaluat-
ed the merits of the potential claim, and
concluded movant had not presented a claim
with a substantial chance of victory sufficient
to warrant appointment of a member of the
bar. Therefore, the third *Caston* factor did
not favor movant's motion for appointment of
counsel.

### III. Movant's Objections

Movant objected to Judge Hines' conclu-
sion that his allegations did not form a com-
pensable claim. Movant asserts that he
showed the harassment he suffered during
the half-day he was employed at the Hospital
adequately impacted the terms and condi-
tions of his employment, *Meritor Sav. Bank
v. Vinson*, 477 U.S. 57, 106 S.Ct. 2399, 91
L.Ed.2d 49 (1986), and constituted a "hostile
work environment." *See id.*

Movant also directs the court to note that
his "claim does not end at this point [on the
day he left work at the Hospital,] it continues
with a merage [sic] of false statements by
Manning to deny the movant his worker's
compensation claim."

### IV. Analysis

 The magistrate judge noted movant's
claim failed to present a potentially meritori-
ous action because he had not satisfied a
prerequisite or a "hostile environment" law-
suit, that is, he had not notified his supervi-
sors of the harassment and given them an
opportunity to remedy the situation. *Car-
mon v. Lubrizol*, 17 F.3d 791 (5th Cir.1994).
Movant's objections do not cure this impor-
tant defect. Although movant objects that
he notified a supervisor named Dave Longn-
ion of Manning's failure to allow him to use
the telephone, he makes no allegation that

**580**

Longnion was told of or otherwise knew of the *harassment*.

Likewise, movant contends Manning's harassment interfered with a term or condition of his employment, *Meritor*, 477 U.S. at 62, 106 S.Ct. at 2403, that is, the use of the telephone. Because movant was employed as a laborer, use of a free telephone was not a condition or term of his employment. These facts support the finding that movant's claim does not make a showing of merit sufficient to support the appointment of counsel.

 To the extent movant seeks redress for actions taken outside the scope of the employment relationship, that is, alleged lies told in a state worker's compensation case, this court is without jurisdiction to act. Title VII is not a panacea for every action which might be construed as wrong or unfair. *See, e.g., Goldberg v. B. Green & Co.*, 836 F.2d 845, 849 (4th Cir.1988); *Locke v. Commercial Union Ins. Co.*, 676 F.2d 205, 206 (6th Cir. 1982). This is especially true where, as movant alleges in this case, the employer-employee relationship already had been terminated and other, extraneous proceedings have begun. If movant has a legal remedy against Manning for this alleged conduct, it may be pursued in a state court of competent jurisdiction and venue.

Accordingly, movant's objections are OVERRULED. The findings of fact and conclusions of law of the Magistrate Judge as to the merits of movant's claim are correct and the report of the Magistrate Judge is ADOPTED. It is therefore

ORDERED and ADJUDGED that movant's motion to proceed *in forma pauperis* is GRANTED. The Clerk of Court is instructed to file movant's proposed complaint. It is further ORDERED and ADJUDGED that movant's motion for appointment of counsel is DENIED.