IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30521
Summary Calendar
_____

VOGEL DENISE NEWSOME,

Plaintiff-Appellant,

versus

ENTERGY SERVICES INCORPORATED,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-3109-G
- - - - - - - - - -
July 12, 2000

Before JOLLY, DAVIS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Vogel Denise Newsome, proceeding pro se and in forma pauperis (IFP), filed a complaint alleging, *inter alia*, violations under Title VII of the Civil Rights Act.  She contends that she was subjected to race and gender-based discrimination while working in a temporary assignment for Entergy Services, Incorporated.  She filed a motion for appointment of trial counsel, which the district court denied.  Newsome wishes to appeal the district court's denial of her motion for appointment of trial counsel and requests from this court appointment of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appellate counsel to pursue the issue. *See Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1308 (5th Cir. 1977)(holding that this court has jurisdiction to entertain an appeal from the denial of a motion for appointment of counsel in the context of a Title VII civil rights' complaint, even though the case has not yet been resolved on the merits).

When the district court considered Newsome's motion for appointment of counsel, it made findings relating to the "exceptional circumstances" test outlined in *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982), and applicable to IFP cases. *See* 28 U.S.C. § 1915(d). The district court, however, did not make findings under the appropriate standard for Title VII cases. When a complainant requests appointment of counsel under Title VII, the court must consider: (1) the merits of plaintiff's claims of discrimination; (2) the efforts taken to obtain counsel; and (3) the plaintiff's financial ability to retain counsel. *See Caston*, 556 F.2d at 1308; *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990). The IFP standard and the Title VII standard for appointment of counsel are not interchangeable. *See Gonzalez*, 907 F.2d at 580.

Although it cited to *Gonzalez* and the standard for appointment of counsel in Title VII cases, the district court relied solely on the *Ulmer* factors when it denied Newsome's request for appointment of trial counsel. Because it did not adequately develop the proper standard, the district court's order denying appointment of trial counsel is VACATED and the case REMANDED to the district court for further consideration

under the appropriate standard.  Newsome's motion for appointment of appellate counsel is DENIED.  *Cf. Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998).

MOTION DENIED; VACATED and REMANDED.