IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 00-31299

Summary Calendar

---

VOGEL DENISE NEWSOME,

Plaintiff-Appellant,

versus

ENTERGY SERVICES, INC.,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Eastern District of Louisiana

---

April 18, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

This is the second interlocutory appeal in this case, from a decision of the Eastern District of Louisiana to deny Appellant Newsome appointed counsel in her Title VII case. In the prior appeal, we vacated and remanded with instructions to the district court to consider the factors enumerated in *Caston v. Sears, Roebuck & Co.*[1] Upon remand, the district court did so. Newsome

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 556 F.2d 1305 (5th Cir. 1977).

now appeals, arguing that the district court abused its discretion.[2]

We are not convinced. The district court has broad discretion to appoint counsel,[3] and Newsome bears the burden of persuasion.[4] The district court was entitled to give weight to the EEOC's determination that the plaintiff's allegations do not establish a violation of Title VII.[5] The district court held that Newsome failed to establish a prima facie case of discriminatory discharge because she was replaced by an African-American, and she can point to no similarly situated white employee who was treated better. The district court also held that Newsome failed to establish a prima facie case of retaliatory discharge because she did not identify a Title VII protected activity in which she engaged, nor did she establish a causal link between her complaints and her discharge. Having examined Newsome's brief carefully, taking into account her pro se status, we find no abuse of discretion and affirm.

---

[2] Appellee argues that we lack jurisdiction in this case, because orders denying appointment of counsel are not appealable. The prior panel to consider this case found jurisdiction, relying on *Caston*, and that finding binds us as law of the case. *See Hopwood v. State of Texas*, 236 F.3d 256, 272 (5th Cir. 2000).

[3] *See Caston*, 556 F.2d at 1308.

[4] *Id.* at 1310.

[5] *Id.* at 1309 ("As the administrative agency statutorily charged with the responsibility of enforcing Title VII and presumably equipped with at least a modest amount of expertise in the area, the determination of the EEOC is highly probative.").

AFFIRMED.