BLD-272                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2051
_____

GINGER A. GUDE,
                                              Appellant

v.

ROCKFORD CENTER INC.; LINDSEY MCCOY; MARY W. SCHAEFER

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civ. No. 08-cv-00832)
District Judge:  Honorable Sue L. Robinson

_____

Submitted for Possible Dismissal Under 28 U.S.C.
§ 1915(e)(2)(B) and Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 19, 2010

Before: RENDELL, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed September 10, 2010)
_____

OPINION
_____

PER CURIAM

    Ginger A. Gude appeals from the District Court's entry of summary judgment for

the defendants.  We will affirm.  See 3d Cir. LAR 27.4 (2008); 3d Cir. I.O.P. 10.6.

I.

Gude was employed as a registered nurse at Rockford Center Inc. ("Rockford") from 2002 until April 14, 2007, when she resigned. She later filed two complaints pro se in Delaware state court, each against Rockford, its former director of human resources, Mary Schaefer, and a Rockford nursing supervisor, Lindsey McCoy.[1]

In her first complaint, Gude alleged that Rockford discriminated against her on the basis of her age by: (1) requiring her and other nurses over forty years of age to take a drug test in connection with the theft of narcotics, while requiring only one nurse under forty years of age to do so; (2) allowing certain employees under forty years of age to take leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq., while not affirmatively offering Gude such leave despite problems with her attendance; and (3) promoting certain individuals under forty years of age to positions for which Gude herself did not apply. In her second complaint, Gude alleged that she filed administrative complaints regarding the foregoing and that Rockford retaliated against her by providing negative references to prospective employers.

Rockford answered the complaints and removed the suit to federal court.[2] The

---

[1]Both Rockford and McCoy were represented by the same counsel, and references herein to Rockford include McCoy. Gude never served Schaefer with her complaints, and the District Court ultimately dismissed Gude's claims against her on that basis.

[2]Rockford invoked both the District Court's diversity and federal question jurisdiction, and the District Court exercised jurisdiction on both grounds. Removal was not proper on the basis of diversity jurisdiction because Rockford is a citizen of Delaware, the state in

(continued...)

parties then engaged in discovery, and Rockford filed a motion for summary judgment. Gude filed a motion for the appointment of counsel. Rockford opposed the motion and also notified the District Court that Gude had refused to accept service of its summary judgment motion and its document production. The District Court issued an order to show cause why the action should not be dismissed and scheduled a hearing for December 9, 2009. At that hearing, the District Court denied Gude's motion for counsel and granted her an extension to respond to Rockford's motion for summary judgment. After Gude did so, the District Court granted Rockford's motion by order entered March 30, 2010. Gude appeals.[3]

## II.

The District Court properly construed Gude's complaints to assert claims of age discrimination, hostile work environment, constructive discharge, and retaliation under

---

[2](...continued)
which Gude brought suit, but removal was proper on the grounds of federal question jurisdiction and the District Court properly exercised jurisdiction on that basis. See 28 U.S.C. § 1441(b). In addition, although Rockford did not state that it had Schaefer's consent to remove the action, her consent was not required because Gude had not served her. See Balazik v. Cnty. of Dauphin, 44 F.3d 209, 213 n.4 (3d Cir. 1995).

[3]We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the entry of summary judgment. See Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 580 (3d Cir. 2009). Summary judgment is appropriate "if, drawing all inferences in favor of the nonmoving party, 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" Id. at 581 (quoting Fed. R. Civ. P. 56(c)). We review the denial of counsel for abuse of discretion. See Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993); Hicks v. ABT Assocs., 572 F.2d 960, 969 (3d Cir. 1978).

3

the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., as well as a violation of the FMLA. The District Court thoroughly reviewed the evidence of record, including the transcript of Gude's deposition, and concluded that a reasonable jury could not find in her favor on these claims. We have carefully reviewed the record de novo and, for the reasons stated by the District Court, we agree.[4]

The only issue that requires discussion here is the District Court's denial of Gude's motion for counsel. Gude was not proceeding in forma pauperis, and counsel was thus not available under 28 U.S.C. § 1915(e)(1), but district courts have the discretion to appoint counsel in Title VII cases pursuant to 42 U.S.C. § 2000e-5(f)(1). See Hicks, 572 F.2d at 969. That discretion is guided by "several factors," including the merits of the plaintiff's claims. Id. (citing Caston v. Sears, Roebuck & Co., 556 F.2d 1305, 1309 (5th Cir. 1977), abrogated on other grounds as recognized by Hodges v. Dep't of Corr., 895 F.2d 1360, 1362 (11th Cir. 1990)). In the in forma pauperis context, we have recognized that the plaintiff's ability to present his or her case is an important consideration. See Tabron, 6 F.3d at 155-56. Other courts have found that factor relevant under 42 U.S.C. § 2000e-5(f)(1) as well, see, e.g., Castner v. Colo. Springs Cablevision, 979 F.2d 1417,

---

[4]Among other things, Gude conceded at her deposition that she never requested FMLA leave though she knew it was available and never applied for promotions that were given to younger employees. She also presented no evidence that Rockford took any action on the basis of age discrimination or created a hostile work environment. In addition, she presented no evidence that Rockford gave prospective employees negative references, and Rockford presented evidence that it never did so.

4

1420-21 (10th Cir. 1992), and we will assume without deciding that it is.

In this case, the District Court denied Gude's motion for counsel as follows:

> We generally, we can't appoint counsel. We can only ask volunteers to take on the case. I don't generally do that until a pro se plaintiff case basically gets through the summary judgment process, meaning that the case truly has merit. So with respect to your pending motions to appoint counsel, I will not do that yet.

(N.T., Dec. 9, 2009, at 2:22-3:3.) Taken by itself, this rationale is problematic. There is no support in our case law for a general policy of deferring appointment of counsel until after the summary judge stage. Doing so conflicts with our recognition that counsel may sometimes be necessary to assist plaintiffs in taking discovery, which generally precedes summary judgment. See Tabron, 6 F.3d at 155. Indeed, we have vacated the entry of summary judgment when district courts abused their discretion in denying counsel before the summary judgment stage and thereby prejudiced plaintiffs' ability to respond. See, e.g., Montgomery v. Pinchak, 294 F.3d 492, 506 (3d Cir. 2002).

Nevertheless, we cannot say that the District Court abused its discretion under the circumstances presented here. Rockford already had filed its motion for summary judgment when the District Court denied Gude's motion for counsel,[5] and we agree that Gude's claims lacked sufficient merit to warrant counsel at that time. Gude's own

---

[5]Gude filed an initial motion for counsel on July 8, 2009, but the District Court notified her that it would take no action on the motion because it did not include a certificate of service on Rockford. Gude later filed the motion for counsel at issue here on October 15, 2009, after Rockford filed its motion for summary judgment.

5

complaints revealed that she had not sought the FMLA leave or promotions about which she complained, and her deposition testimony further undermined her claims. We also do not believe that the lack of counsel prejudiced Gude's ability to present her case. Gude took discovery, and Rockford produced several hundred pages of documents. At the show cause hearing, the District Court provided Gude with guidance on how to respond to Rockford's motion. Gude later filed a lengthy response, submitted numerous documents, and argued why she believed they rebutted Rockford's arguments. They in fact did not do so, but the parties' filings provide no reason to believe that counsel could have obtained a different result.

Accordingly, we will affirm. Gude's motion for the appointment of counsel in this Court is denied. Gude's motion to "expand" the District Court show cause hearing, which appears to request a remand to the District Court, is denied as well.[6]

---

[6]In addition to deferring consideration of appointing counsel, the District Court stated that it cannot "appoint" counsel and can only request volunteers. That principle applies when counsel is requested under 28 U.S.C. § 1915(e)(1). We need not and do not decide whether it applies when counsel is requested under 42 U.S.C. § 2000e-5(f)(1), because even if the District Court was authorized to "appoint" counsel there was no reason to do so in this case.