**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2955

_____

LYNETTE M. WALLEY,

Appellant

v.

AMAZON.COM, INC.

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-21-cv-01498)
District Judge:  Honorable Gregory B. Williams

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 28, 2024

Before:  KRAUSE, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: June 6, 2024)

_____

OPINION[*]

_____

PER CURIAM

Lynette Walley appeals from an order dismissing her amended complaint against

her former employer, which she identifies as Amazon.com, Inc.  We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

I.

Walley filed suit pro se against Amazon alleging that it wrongfully placed her on leave, prevented her from clocking in, and changed her stock maturity date and her health benefits. Her only specific claim was that Amazon took these steps in retaliation for her filing of a Delaware worker's compensation claim for injuries that she suffered in an automobile accident. But Walley also checked a box on the civil cover sheet identifying her suit as arising under the Americans with Disabilities Act ("ADA"), and she alleged that a doctor previously had cleared her to work with restrictions. She also filed motions for leave to proceed in forma pauperis ("IFP") and for appointment of counsel. The District Court denied her IFP motion, and she paid the filing fee.

Amazon later filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). The District Court then denied Walley's motions for appointment of counsel and granted Amazon's motion to dismiss. The District Court read Walley's complaint to assert three categories of claims. First, the District Court read it to assert ADA claims of disability discrimination and failure to accommodate. The District Court dismissed those claims "for the reasons set forth by Amazon," which were Walley's failure to allege that she was disabled, that she could be reasonably accommodated, or that she could perform the essential functions of her job with or without accommodation. Second, the District Court read the complaint to assert an ADA claim of retaliation for filing a worker's compensation claim. The District Court dismissed that claim on the ground that filing a worker's compensation claim is not a protected activity under the ADA. Third, and relatedly, the District Court read the complaint to assert a state-law claim of worker's

compensation retaliation under Del. Code, tit. 19, § 2365. The District Court dismissed that claim as untimely under the statute's two-year statute of limitations. For these reasons, the District Court dismissed Walley's complaint in its entirety, but it gave her leave to amend her first category of ADA claims.

Walley then filed a one-page amended complaint attaching certain evidence. On Amazon's motion, the District Court dismissed the amended complaint without leave to further amend. Walley appeals, and we have jurisdiction under 28 U.S.C. § 1291.

II.

In her opening brief, Walley does not challenge or even mention the District Court's rulings on any of her claims. To the contrary, she asserts that the District Court did not commit any legal or factual errors. Thus, we agree with Amazon that Walley has forfeited any challenge to the District Court's specific reasons for dismissing her claims, and we will not review them. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016). We liberally construe Walley's opening brief to raise two other reviewable issues, but they lack merit.

First, Walley's references to her lack of legal knowledge and inability to obtain counsel could be read to challenge the denial of her motions for appointment of counsel. But the District Court found that Walley, whose IFP application it denied and who paid the filing fee, was not "unable to afford counsel" as required for appointment of counsel under 28 U.S.C. § 1915(e)(1). Walley does not contest that finding, and we see no basis to disturb it. The District Court did not expressly address appointment of counsel under 42 U.S.C. §§ 2000e-5(f)(1), which authorizes appointment of counsel "in such

3

circumstances as the court may deem just" and which applied in this Title I ADA case by virtue of 42 U.S.C. § 12117(a). But while indigence might not be a prerequisite for appointment of counsel under that statute as it is under § 1915, see Nelson v. Boeing Co., 446 F.3d 1118, 1121 (10th Cir. 2006), "the financial means of the plaintiff" remains "one of several factors guiding the trial judge's exercise of discretion in appointing counsel" under § 2000e-5(f)(1), Hicks v. ABT Assocs., Inc., 572 F.2d 960, 969 (3d Cir. 1978) (citing Caston v. Sears, Roebuck & Co., 556 F.2d 1305, 1309 (5th Cir. 1977)). Given that factor and several others,[1] we cannot say that the District Court was required to appoint counsel in this case.

Second, Walley asserts that "I do not believe that I was given adequate assistance as a pro se plaintiff." But courts generally need not provide legal assistance to pro se litigants, see Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 243-45 (3d Cir. 2013), and Walley largely fails to explain what she believes the District Court should have done differently here. She suggests that the District Court improperly dismissed her complaints for failing to cite statutes and case law, but the District Court did not dismiss any of her claims for that reason. Instead, the District Court liberally and properly construed her complaints to raise claims even though she did not mention their legal basis

---

[1] Other factors include the merits of the plaintiff's claim and her efforts to obtain counsel on her own. See Ficken v. Alvarez, 146 F.3d 978, 979-80 (D.C. Cir. 1998); Caston, 556 F.2d at 1309. Walley's filings provide no indication that her claims had potential merit. And although she now asserts that she sought counsel but "no one would take the case," she asserted in the District Court that she was previously represented in connection with these matter by two lawyers, one of whom she fired because she thought he was working in Amazon's interests and the other of whom declined to continue representing her after she rejected a settlement offer.

4

by name.  See id. at 244.  Walley also asserts that she would like "additional time" to state her case or further amend her complaint, but she had almost two years to state her case in the District Court and, even now, she does not specify how she could further amend her complaint if given another chance.  Nor was the District Court required to give Walley more time for any other purpose.[2]

Walley also raises several arguments for the first time in her reply brief, but she forfeited them by failing to raise them in her opening brief.  See Haberle v. Borough of Nazareth, 936 F.3d 138, 141 n.3 (3d Cir. 2019).  Even if we reviewed these arguments, they lack merit.  Walley argues that evidence she already has submitted shows that she is protected under the ADA, but it does not show that she had plausible ADA claims.[3]  She also argues that her § 2365 worker's compensation retaliation claim is timely because she filed her worker's compensation claim within two years of her injury, but the statute

---

[2] The District Court denied Walley's motion for an extension of time at ECF No. 9, but she does not mention that ruling and we perceive no error.  Walley requested more time to serve certain individual defendants, but the District Court did not dismiss any of her claims for lack of service.  Walley also requested more time to find counsel but, even after the District Court denied this motion, she had another year and a half to obtain counsel before the District Court finally dismissed her amended complaint.

[3] Walley relies on (1) evidence from February 2018 attached to what was in essence a sur-reply, which reports temporary limitations on her ability to lift and squat, and (2) evidence from March 2022, which reports pain resulting from various strains and a sprain.  Even if this evidence raised a reasonable inference that Walley had an ADA disability at a relevant time (which we do not decide), it does not plausibly suggest that Amazon discriminated against or failed to accommodate her.  Nor does it make any showing on the other ADA elements at issue.

5

requires the filing of a <u>retaliation claim</u> within two years <u>of the retaliation</u>[4] and Walley did not file this claim within that time as the District Court explained.

III.

For these reasons, we will affirm the judgment of the District Court. We also grant Amazon's motion to seal Volume II of its Supplemental Appendix, which consists of documents that Walley filed under seal in the District Court. See 3d Cir. L.A.R. 30.3(b) (2011).

---

[4] The statute provides that "[a]ny claim of an employee alleging [discharge, retaliation, or discrimination for filing a worker's compensation claim] by an employer shall be filed with the Superior Court within 2 years of the employer's alleged action." Del. Code, tit. 19, § 2365. We express no opinion on the significance of the statutory reference to filing "with the Superior Court" because the parties did not brief it either in the District Court or on appeal and Walley has never argued that the District Court erred in exercising supplemental jurisdiction over this claim. We note, however, that the District Court had Article III jurisdiction over this claim and that we are not aware of any federal statute that might have precluded the exercise of such jurisdiction. See 28 U.S.C. § 1367(a).